JOHN H. BENNETT, PLAINTIFF IN ERROR, v. SAMUEL F. BUTTERWORTH.

In Texas, the common law has been adopted, but the forms and rules of pleading in common law cases have not; and although the forms of proceedings and practice in the State courts have been adopted in the District Court of the United States, yet such adoption must not be understood as confounding the principles of law and equity; nor as authorizing legal and equitable claims to be blended together in one suit.

The Constitution of the United States has recognized the distinction between law and equity, and it must be observed in the federal courts, although there is no distinction between them by the laws of Texas.

Where a petition was filed claiming certain negroes, to whom the defendant set up a title as being his own property, and the jury brought in a verdict awarding a sum of money to the plaintiff, which was released, and then the court gave judgment that the plaintiff should recover the negroes, these proceedings were irregular, and the judgment must be reversed.

They cannot be assimilated to proceedings in chancery, or treated as such by this court. There is nothing like a bill or answer, as prescribed by the rules of this court, nor any statement of the evidence upon which the judgment could be revised.

The case must, therefore, be considered as a case at law, the rules of which require that the verdict must find the matter in issue between the parties, and the judgment must follow the verdict.

Here neither was the case, and the errors being patent upon the records, the judgment is open to revision in this court, without any motion in arrest of judgment being made or exception taken in the court below.

THIS case was brought up, by writ of error, from the District Court of the United States for the District of Texas.

In 1848, Butterworth filed the following petition against Bennett:—

" To the Honorable J. C. Watrous, Judge of the District Court of the United States for the District of the State of Texas, and which court has also Circuit Court powers.

" The petition of Samuel F. Butterworth, who is a citizen of the State of New York, against John H. Bennett, who is a citizen of the State of Texas, would respectfully represent unto

your honor, that heretofore, viz. on the        day of March, 1846, at        to wit, in the district aforesaid, he, your petitioner, was lawfully seized and possessed of four negroes, slaves for life, whose names and descriptions are as follows, viz. : Billy, a negro man, of a dark complexion, aged about twelve years, of the value of five hundred dollars; Lindsey, a negro man, of a dark complexion, aged twenty-two years, and of the value of one thousand dollars; Betsy, a mulatto woman, of a light complexion, aged about thirty years, and of the value of eight hundred dollars; and Alexander, a boy of a very light complexion, aged about four years, and of four hundred dollars value, of his own property. And being so possessed, your petitioner, afterwards, to wit, on the day and year aforesaid, in the district aforesaid, casually lost the same out of his possession, and the same, afterwards, to wit, on the day and year aforesaid, in the district aforesaid, came to the possession of the defendant by find·ing. And your petitioner charges, that the said defendant, well knowing the said negro slaves to be the property of your petitioner, and of right to belong and appertain to him, hath not as yet delivered the above-described negroes, or any or either of them, although often requested so to do, to your petitioner; but hath hitherto wholly refused so to do, and hath detained, and still doth detain, the same from your petitioner, who says he has received damages, by reason of the detention of the slaves aforesaid, of five thousand dollars.

"In consideration of the premises, your petitioner prays your honor to grant him a summons, directed to the marshal of this district, and commanding him to summon the said defendant to be and appear at the next term of this court, to be held for this district, at the city of Galveston, on the first Monday in February next, then and there to answer the allegations contained in this petition; and that, upon the trial of the cause, your petitioner may have a judgment *in specie* for the said negroes, together with damages for the detention of the same, and also the costs of suit; and such other and further relief grant in the premises as shall be in accordance with right and justice; and, as in duty bound, he will ever pray, &c.

"SAMUEL YERGER, *Attorney for Petitioner.*"

To this petition the defendant demurred, pleaded not guilty, and filed two special pleas. The demurrer was afterwards overruled, and the two special pleas stricken out.

In June, 1849, the defendant filed an amended answer, consisting of two special pleas. The second was demurred to by the plaintiff, and the demurrer sustained; so that there remained only the first plea, to which the plaintiff also demurred, but

his demurrer was overruled, and he then replied. The case then went to trial upon this plea and general replication. These pleadings have been stated thus particularly, in order to ascertain what was the issue upon which the parties went to trial.

The plea of the defendant set up a title to the slaves in himself; averring that a dispute had existed between Butterworth and one John D. Amis and one Június Amis, which had been left to arbitration ; that the referees had decided, amongst other things, that Butterworth should transfer certain negroes to Amis; that Butterworth delivered the negroes, which were those in question; that Amis sold the negroes to him, Bennett; and the plea concluded in this way : —

" Wherefore the said John H. Bennett says the said four negroes are his property, and not the property of the said Butterworth, and of this he puts himself upon the country."

To this plea Butterworth replied, that all the parties to the submission and decision in the plea set out did not assent and agree to the same, and that Butterworth did not sell, convey, and deliver the negroes in the petition mentioned in compliance with the terms, or any of the terms, of the said decision.

Upon these allegations a jury was sworn, who found the following verdict : —

" We, the jury, find for the plaintiff twelve hundred dollars, the value of the four negro slaves in suit, with six and a quarter cents damages.

" C. C. HERBERT, *Foreman*."

And thereupon the plaintiff, by his attorney, in open court, released the said judgment for twelve hundred dollars as aforesaid. It is therefore considered by the court, that the plaintiff recover of the defendant the negro man Lindsey; the negro woman Betsy and her child; and the negro boy Billy, the negro slaves in the petition of plaintiff mentioned, and also six and a fourth cents, the damages by the jurors aforesaid assessed, and also his costs about his suit in this behalf expended.

And thereafter, to wit, on the 25th day of August, 1849, the following order was made in said suit, to wit : —

" SAMUEL F. BUTTERWORTH v. J. H. BENNETT.

" On this day came on for hearing, by consent of parties, the motion filed by defendant's counsel, to set aside the verdict, for reasons therein set forth; after argument heard, the court being sufficiently advised, it is ordered that the motion be overruled."

And afterwards, to wit, on the 25th day of August, 1849, the following order was made, to wit : —

" SAMUEL F. BUTTERWORTH *v.* J. H. BENNETT.

" The counsel of defendant in this cause tendered his bill of exception to the opinion of the court herein, which was signed by the judge, and ordered to be filed of record; which bill of exceptions is in the words following, to wit: —

" United States District Court, District of Texas, Spring Term, 1849.

" SAMUEL F. BUTTERWORTH *v.* JOHN H. BENNETT.

" Be it remembered, that on this day, the 25th of August, 1849, the following judgment was rendered in the above-named cause, to wit: On this day came the parties, by their attorneys, and thereupon the demurrer of defendant to plaintiff's petition came on, and was argued, and because it seems to the court that the law is for the plaintiff, it is considered by the court that the demurrer be overruled. And the plaintiff's demurrer to defendant's first and second plea in his amended answer at the present term also came on, and was argued; and because it seems to the court that on the said first plea the law is for the defendant, it is considered by the court that the demurrer to the said first plea be overruled; and the plaintiff thereupon replied to said first plea. And because the law on said second plea is for the plaintiff, it is considered that said demurrer to said plea be sustained.

" And upon motion of plaintiff, by his attorney, it is ordered that the second and third pleas filed in defendant's answer at a former term be stricken out.

" And thereupon came a jury of good and lawful men, to wit, William Alexander, Daniel Marston, Alexander Moore, John Church, William B. Gayle, Elisha B. Cogswell, C. C. Herbert, James G. Sheppard, Ephraim McLean, A. C. Crawford, William G. Davis, and William M. Sergeant, who, being elected, tried, and sworn well and truly to try the issue joined, after some time returned into court the following verdict, to wit: '. We, the jury, find for the plaintiff twelve hundred dollars, the value of the four negro slaves in suit, with six and a quarter cents damages. C. C. Herbert, foreman.' And thereupon the plaintiff, by his attorney, in open court, released the said judgment for twelve hundred dollars, as aforesaid. It is therefore considered by the court, that the plaintiff recover of the defendant the negro man Lindsey, the negro woman Betsy and her child, and the negro boy Billy, the negro slaves in the petition of plaintiff mentioned, and also six and a fourth cents, the damages by the jurors aforesaid assessed, and also his costs about his suit in this behalf expended.

" To the entry of said judgment the defendant objects, on the ground that the same is not in accordance with the verdict of the jury; but the objection was by the court overruled. The said verdict is in words and figures as follows : — ' We, the jury, find for the plaintiff twelve hundred dollars, the value of the four negro slaves in the suit, with six and a quarter cents damages.' And the motion of the defendant to set aside said verdict, and for a new trial, having been heard, was by the court overruled. To which opinion of the court, as well in causing said judgment to be sustained as in refusing to set aside said verdict, the defendant excepts, and tenders this his bill of exceptions, which is signed, sealed, and made a part of the record. JOHN C. WATROUS."

Upon this exception, the case came up to this court, and was argued by *Mr. Johnson* and *Mr. Harris*, for the plaintiff in error, and *Mr. Walker* and *Mr. Volney Howard*, for the defendant in error.

The counsel for the plaintiff in error contended, —
I. That the verdict was illegal, and ought to have been set aside.
1. It will be seen, by reference to the plaintiff's petition, — particularly to the prayer thereof, — that this suit was brought for the recovery of the slaves " in specie," (not for the recovery of their value,) and for damages for their unlawful detention. The important issue, viz. whether the right of property was in the plaintiff or the defendant, was, in the verdict of the jury, entirely omitted. See Coffin *v.* Jones, 11 Pick. 45.
2. It did not embrace all the issues, which it should have done. See Crouch *v.* Martin, 3 Blackford, 256 ; Patterson *v.* U. States, 2 Wheat. 223 ; Jewett *v.* Davis, 6 N. Hamp. 518.
3. It should have found the value of each of the slaves separately.
II. That the judgment was illegal, because it was not responsive to the verdict.

The counsel for the defendant in error contended, that
This was a suit by petition, under the statute laws of Texas, for four slaves, claimed by plaintiff below, and damages for illegal detention. The suit was for the specific slaves, and not for their value. The issue joined was as to the ownership of the slaves ; which issue the jury, in fact, found for the plaintiff. If there be any error in form, it is cured by the verdict, and the amendment laws of Texas. Act of Texas, 1846, p. 202, § 7 ; p. 365, § 5.; p. 392, § 104 ; p. 393, § 115 ; pp. 396, 397, §§ 132, 133.

There is no distinction in Texas between courts or suits at law or in equity. In the case of slaves, from their peculiar character as house-servants, or from their necessary connection with plantations, a bill in equity may be filed to compel their delivery. Murphy v. Clark, 1 Smedes & Marsh. 221. An action lies in Texas for the specific slaves claimed, in which a statement of the facts by petition is all that is required.

This case is not an action of detinue, but more closely resembles a replevin, which is not confined to cases of distress for rent. 1 Chitty's Plead. 161, 162, 164.

The release of the damages may have deprived the plaintiff of his alternate right to the money, but the waiver of that alternate right could not deprive the plaintiff of his remedy under the judgment for the specific thing.

The error, if any, should have been met by a motion below in arrest of judgment; whereas the motion (under which the exception was taken) was to set aside the verdict, which was substantially a motion for a new trial, the refusal of which furnishes no ground for a writ of error.

The action being by petition, in the nature of a bill in equity, for the specific delivery of the slaves, and the jury having found substantially the right of property to be in the plaintiff, all errors of form may be disregarded, and this court may enter now such judgment as should have been entered in the court below for the plaintiff.

Mr. Chief Justice TANEY delivered the opinion of the court.

This is a writ of error to the District Court of the United States for the District of Texas.

The common law has been adopted in Texas, but the forms and rules of pleading in common law cases have been abolished, and the parties are at liberty to set out their respective claims and defences in any form that will bring them before the court. And as there is no distinction in its courts between cases at law and equity, it has been insisted in this case, on behalf of the defendant in error, that this court may regard the plaintiff's petition either as a declaration at law or as a bill in equity.

Whatever may be the laws of Texas in this respect, they do not govern the proceedings in the courts of the United States. And although the forms of proceedings and practice in the State courts have been adopted in the District Court, yet the adoption of the State practice must not be understood as confounding the principles of law and equity, nor as authorizing legal and equitable claims to be blended together in one suit. The Constitution of the United States, in creating and defining

the judicial power of the general government, establishes this distinction between law and equity; and a party who claims a legal title must proceed at law, and may undoubtedly proceed according to the forms of practice in such cases in the State court. But if the claim is an equitable one, he must proceed according to rules which this court has prescribed (under the authority of the act of August 23d, 1842), regulating proceedings in equity in the courts of the United States.

There is nothing in these proceedings which resembles a bill or answer in equity according to the rules prescribed by this court, nor any evidence stated upon which a decree in equity could be revised in an appellate court. Nor was any equitable title set up by Butterworth, the plaintiff in the court below. He claimed in his petition a legal title to the negroes, which the defendant denied, insisting that he himself was the legal owner. It was a suit at law to try a legal title.

The defendant (Bennett) in his plea or answer claimed under an award to which Butterworth and a certain Junius Amis and a certain John D. Amis were parties; and averred that, in execution of this award, the said negroes had been delivered by Butterworth to John D. Amis as his property, and by him afterwards transferred to Bennett for a valuable consideration. To this plea Butterworth replied, that all the parties to the submission and decision in the plea set out did not assent and agree to the same, and that Butterworth did not sell, convey, and deliver the negroes in the petition mentioned, in compliance with the terms, or any of the terms, of the said decision. And upon these allegations a jury was sworn, who found for Butterworth (the plaintiff in the court below) in the following words: "We, the jury, find for the plaintiff twelve hundred dollars, the value of the four negro slaves in suit, with six and a quarter cents damages."

And the record proceeds to state, that thereupon the plaintiff (Butterworth), by his attorney, in open court, released the said judgment for $1,200; and thereupon the court adjudged that he recover of the defendant the four negroes mentioned in his petition, and the six and a quarter cents assessed by the jury, and his costs.

It does not appear whether any direction to the jury, as to the law of the case, was asked for by either of the parties, or given by the court; we have nothing but the pleadings, confused and loose as they are, and the verdict and the judgment.

Now if any thing is settled in proceedings at law where a jury is impanelled to try the facts, it is, that the verdict must find the matter in issue between the parties, and the judgment of the court must conform to and follow the verdict.

But here the matter in issue was the property in these ne-groes, and the verdict does not find that they are the property of the plaintiff or the defendant, but finds for the plaintiff their value, which was not in issue.    It ought, therefore, to have been set aside upon the motion of either party, as no judgment could lawfully be entered upon it.    It was a verdict for a matter different from that which they were impanelled to try.

In the next place, if any judgment could have been rendered on the verdict, it ought to have been a judgment for the money found by the jury.    For the trial of facts by a jury would be of very little value, if, upon a verdict for money to a certain amount, the court could infer that the jury intended to find something else, and give a judgment for property instead of money.    And lastly, when the plaintiff, in the District Court, released the $ 1,200 found by the jury, there was nothing of the verdict remaining, upon which the court could act or give judgment for either party, but the six and a quarter cents damages which the jury found in addition to the value.

The judgment is evidently erroneous, and must be reversed. And as these errors are patent upon the record, they are open to revision here, without any motion in arrest of judgment, or exception taken in the District Court.

### Order.

This cause came on to be heard on the transcript of the record from the District Court of the United States for the District of Texas, and was argued by counsel.    On consideration whereof, it is now here ordered and adjudged by this court, that the judgment of the said District Court in this cause be, and the same is hereby, reversed, with costs, and that this cause be, and the same is hereby, remanded to the said District Court, with directions to award a *venire facias de novo.*