Johnson, J.
This case comes up on a demurrer by the plaintiffs to the answer of the defendants.
The action is upon a judgment rendered by the circuit court of the United States for the district of Louisiana, in favor of the present plaintiffs against the present defendants. The answer sets up a variety of matters which are not defenses at common law against the judgment, but which are claimed to give the defendants an equitable right to prevent the enforcement of the judgment.
These matters the defendants insist are available to them as a defense in this suit by force of section 914 of the revised statutes of the United States.
That section prescribes that “The practice, pleading, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the circuit and district courts, shall confirm as near as may be, to the practice, pleadings and forms, and modes of proceeding-existing at the time in like causes in the courts of record of the State within which such circuit or district courts are held, any rule of court to the contrary notwithstanding. ’ ’
It must be assumed that in a suit upon a judgment *115 brought in a court of the State of New York the defense set up in the answer in this suit, would be available by way of answer if sufficient in substance to entitle the party to relief against the judgment. Such is the known and established law of procedure in the State of New York, introduced by sections 69, 150 and 167 of its code of procedure. The first of these abolishes the distinction between actions at law and suits in equity, and the forms of all such actions and suits theretofore existing, and declares that thereafter there shall be in that State but one form of action. The next section cited enacts that the defendant may set forth by answer as many defenses and counter-claims as he may have, whether they be such as had theretofore been denominated legal, or equitable, or both.
The last section named enacts that the plaintiff may unite in the same complaint several causes of action,, whether they be such as have been heretofore denominated legal or equitable, or both, under certain specified conditions.
These sections of the code deal with claims legal and equitable, and defenses legal and equitable set up by answer, and counter-claims of both characters.
In pursuance of the policy thus indicated, section 274 provides that judgment may be given for or against one or more of several plaintiffs and for or against one or more of several defendants, and it may determine the ultimate rights of the parties as between themselves, and it may grant to the defendant any affirmative relief to which he may be entitled.
It is of course obvious that this system, while it undertakes to provide for the means of administering indiscriminately legal and equitable remedies in substance founded upon legal and equitable rights, completely ignores all the former schemes of procedure founded on the recognition of their differences.
Now, from the provision of section 914 of the United *116 States revised statutes, which is already set forth, equity and admiralty causes are completely excluded in terms. That section does not relate to them, except to effecc such exclusion. The jurisprudence of the United States has recognized this distinction, in numerous cases, as one of substance, as well as of form and procedure (Robinson v. Campbell, 3 Johns. 212 ; Bennett v. Butterworth, 11 How. 669; McFaul v. Ramsey, 20 Id. 526; Jones v. McMasters, Id. 22; Fenn v. Holme, 21 Id. 481; Thompson v. Railroad Company, 6 Wall. 134). In the last case cited, Mr. Justice Davis says, giving the opinion of the court: “ The constitution of the United States and the acts of Congress recognize and establish the distinction between law and equity.
“Theremedies in the courts of the United States are, at common law or in equity, not according to the practice of State courts, but according to the principles of common law and equity as distinguished and defined in that country from which we derive our knowledge of these principles. And although the forms of proceedings and practice in the State courts shall have been adopted in the circuit courts of the United States, yet the adoption of the State practice must not be understood as confounding the principles of law and equity, nor as authorizing legal and equitable claims to be blended together in one suit.”
In the case of Bennett v. Butterworth, above cited, Chief Justice Taney said, “The constitution of the United States, in creating and defining the judicial power of the general government, establishes this distinction between law and equity; and a party who claims a legal title must proceed at law, and may undoubtedly proceed according to the forms of practice in such cases in the State court. But, if the claim is an equitable one, he must proceed according to the rules *117 which this court has prescribed regulating proceedings in equity in the courts of the United States.”
“ That these discriminations between legal and equitable rights and suits are substantial in the jurisprudence of the United States is further apparent from provisions of the statute law, as well as from the decision of the courts. Under section 721 of the revised statutes the laws of the several States, with certain exceptions, must be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply ; while, on the other hand, the law of equity in the courts of the United States is one and the same in every State, not dependent upon local law.”
“ Wherever a case in equity may arise and be determined under the judicial power of the United States, the same principles of equity must be applied to it, and it is for the courts of the United States, and for this [supreme] court in the last resort, to decide what those principles are, and to apply such of them, to each particular case, as they may find justly applicable thereto” (Neves v. Scott, 13 How. 270).
Nor are the statutes silent as to the forms and modes of procedure in suits of equity. Section 913 of the revised statutes declares that they shall be according to the principles, rules and usages which belong to courts of equity, except as modified by statute, or rules made in pursuance of statute, or by the supreme court.
That court has accordingly prescribed a body of rules regulating very largely and comprehensively the practice in equity.
It is claimed that inasmuch as the present action is one to enforce a judgment, and therefore not an equity cause, the procedure is to be conformed to that of the State courts upon such a cause of action ; and that as those courts allow an equitable right to set aside or re *118 strain the execution of such a judgment by way of answer, the courts of the United States must conform to that- rule.
But this is a mere confusion of names. This so-called defense is an affirmative equitable right to the relief asked. It, under the cases and statutes cited, is to be admitted under the equitable principles and according to the equitable procedure of the courts of the United States. In that respect the procedure cannot be conformed to the State practice without overthrowing the whole scheme for the administration of equity in the courts of the United States. The action is at common law, the defense is substantially an action in equity, and it cannot, because it assumes the guise of an answer, or defense under the State law, escape from the control of the laws of the United States as to the modes of enforcing equitable rights.
The demurrer must be sustained and judgment given for the plaintiffs, with leave to defendants to amend on payment of costs within twenty days.