## WILLS v. PAULY.

*(Circuit Court, S. D. California. June 13, 1892.)*

**EQUITY PRACTICE—STATE STATUTES—BILL BY MARRIED WOMAN.**
   A state statute allowing a married woman to sue in her own name does not govern the federal courts in equity suits, and where the fact appears on the face of the bill the same is demurrable.

In Equity. Suit by Mary E. Wills against A. Pauly. On demurrer to bill. Sustained.

*Millay & Bennett* and *Del Valle & Munday,* for complainant.

*W. Cole,* for defendant.

Ross, District Judge. This is a suit in equity, brought by the complainant alone, and, as the bill shows that complainant is a married woman, the demurrer raises the point, among others, that the suit cannot be maintained. In response to this point the defendant cites and relies on section 370 of the Code of Civil Procedure of California, which provides that a married woman may sue alone "when the action concerns her separate property, or her right or claim to the homestead property." If the present was an action at law, the provisions of the statute referred to would be applicable and enforceable in this court; but, being a suit in equity, the state statute has no application here. Jurisdiction in equity is exercised by the federal courts uniformly throughout the United States, and is unaffected by state legislation. "The chancery jurisdiction given by the constitution and laws of the United States," said the supreme court in *Boyle* v. *Zacharie,* 6 Pet. 657, "is the same in all the states of the Union, and the rule of decision is the same in all. In the exercise of that jurisdiction, the courts of the United States are not governed by the state practice; but the act of congress of 1792, c. 36, has provided that the modes of proceeding in equity suits shall be according to the principles, rules, and usages which belong to courts of equity, as contradistinguished from courts of law. And the settled doctrine of this court is that the remedies in equity are to be administered, not according to the state practice, but according to the practice of courts of equity in the parent country, as contradistinguished from that of courts of law; subject, of course, to the provisions of the acts of congress, and to such alterations and rules as, in the exercise of the powers delegated by those acts, the courts of the United States may, from time to time, prescribe." See, also, *Bennett* v. *Butterworth,* 11 How. 669; *Green* v. *Creighton,* 23 How. 90, 105. It is the rule in equity practice that a married woman must sue by her *prochein ami,* and when it appears that she does not so sue the bill may be demurred to. Story, Eq. Pl. § 494; Daniell, Ch. Pl. & Pr. p. 143; Mitf. Eq. Pl. 153, 154. Provision for the appointment of the next friend is made by rule 87 of the equity rules. For the reason stated the demurrer must be sustained. So ordered.