# GIESY *v.* GREGORY.

EQUITY; MORTGAGES; ASSUMPTION OF MORTGAGE DEBT.

1. A suit in equity is not maintainable by a mortgagee against his mortgagor for a balance due upon the indebtedness secured by the mortgage, which indebtedness a sale of the mortgaged property has failed to satisfy in full, as the mortgagee has an adequate and complete remedy at law.

2. If a mortgagor before the maturity of the mortgage debt transfers the mortgaged property to a grantee who assumes payment of the incumbrance and who in turn transfers the property to another, who also assumes payment of the incumbrance, and on a foreclosure sale the property brings less than the amount of the debt secured, the mortgagee, besides his remedy at law against the mortgagor for the deficiency, may maintain a bill in equity against the grantees for the deficiency; but he can not pursue both his legal and his equitable claim in one suit.

3. A bill in equity under such circumstances, by the mortgagee against all the parties, the mortgagor and the grantees, and seeking a recovery of the amount of the deficiency against each and all of them, is demurrable, when the defendants sever in their defenses, the mortgagor demurring upon the ground that the complainant has an adequate remedy at law.

4. But the complainant in such a case will be allowed to amend his bill, as under such circumstances, in order to avoid a multiplicity of suits, he may substitute himself for his mortgagor, to whom the grantees are liable on their obligation to pay the debt, and enforce in equity the security given by them, directly for himself, but in such event there can be no personal decree against the mortgagor until after the exhaustion of the security given by the grantees in their assumption of the incumbrance.

No. 879. Submitted April 12, 1899. Decided May 9, 1899.

HEARING on an appeal by the complainant from a decree of the Supreme Court of the District of Columbia, in a suit in equity to recover a balance claimed to be due upon an indebtedness secured by deed of trust. *Reversed.*

The facts are sufficiently stated in the opinion.

*Mr. S. Herbert Giesy* for the appellant.

*Mr. B. H. Loucks* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

This is a proceeding in equity instituted for the purpose of enforcing the payment of a balance due upon an indebtedness secured by a deed of trust, but which a sale of the property covered by the deed had failed to satisfy in full.

As appears from the record, the appellant, S. Herbert Giesy, was, on July 6, 1893, the owner of a certain piece of real estate in the city of Georgetown, subject to an incumbrance thereon of $5,000. By a deed dated on the day mentioned he sold the property to the appellee, Frank I. Gregory, who is alleged to have assumed the payment of the incumbrance of $5,000, and also to have given his note for $2,000 for the amount of the purchase money and a certain sum of money lent to him by the appellant, and to have secured the same by a second deed of trust upon the premises. On July 19, 1893, the appellee, Gregory, transferred the property to George E. Truman, who is alleged to have assumed the payment of both incumbrances as part of the purchase money. On July 20, 1893, Truman conveyed to Raymond K. Cooke, who is alleged likewise to have assumed the payment of both incumbrances as part of the purchase money. On December 7, 1893, Raymond K. Cooke transferred the property to John H. Gregory, a brother of the appellee, who also, like his two immediate predecessors in the title, assumed the payment of the two incumbrances specified as part of the purchase money.

The note for $2,000 became due and was not paid; and the trustees named in the second deed of trust, which had been given to secure it, sold under the trust, and, as it would seem, with the understanding that the full legal title should be conveyed, that the first incumbrance should be discharged, and the taxes and other charges should be paid out of the purchase money. The sale realized only the sum of $500

over and above the amount of the first incumbrance; and
this sum was not sufficient to pay "the interest, taxes, and
charges against the property, and the costs of sale, but left
a deficiency, inclusive of the principal and interest of the
note secured by the said (second) deed of trust under which
the sale was made, amounting to $2,167.94." And this
amount the appellant claims to be due to him, with interest
thereon from March 20, 1895.

The note for $2,000 had become due on January 6, 1895;
and it was not until the day on which the period of three
years thereafter would have expired, January 5, 1898, that
the appellant, as complainant, instituted the present pro-
ceedings by the filing of a bill in equity against all the other
persons hereinbefore named as defendants, in which he
sought that, upon the facts as herein stated, a decree should
be rendered against each and all of them to require them to
pay the amount of the deficiency aforesaid, with interest.

The defendants, Truman, Cooke, and John H. Gregory,
filed two joint and several pleas to the bill, one of the Statute
of Limitations, and the other to the effect that the several
conveyances from Frank I. Gregory to Truman, from Tru-
man to Cooke, and from Cooke to John H. Gregory, were
each and all without valuable consideration, that Frank I.
Gregory until the sale under the deed of trust always re-
mained the real owner of the property, and that he had no
just right to recover against them or any of them on account
of their alleged covenant to assume the payment of the
aforesaid incumbrances. Upon these pleas issue was joined
by the complainant; but what further action was had in
regard to them, the record before us does not disclose.
Nor are these defendants before this court on the present
appeal. Their pleas, therefore, are outside of our present
consideration.

The defendant, Frank' I. Gregory, severed from his co-
defendants in his defense, and demurred to the bill of com-
plaint, on the ground that, as against him, the complainant

had an adequate remedy at law; but this demurrer was overruled. He then interposed a plea, substantially the same as that filed by his co-defendants, but more in detail; and this plea was by the complainant set down for hearing on its sufficiency. After argument the court, instead of passing upon the plea or upon its sufficiency, and apparently without making any disposition of it, went back to the demurrer which it had overruled some months before, vacated the order then made overruling the demurrer, and entered an order sustaining it and dismissing the bill of complaint. And it is upon appeal from this last order that the cause is now before us.

From this statement it sufficiently appears that the cause is before us only as to one of the defendants, although he may be regarded as the principal defendant in the suit. The other defendants have not appealed; their cause is not here; from the record it would appear to be yet pending and undisposed of in the court below. The defense which they make is, therefore, not proper to be considered by us on this appeal; and it cannot be regarded as in any manner affecting the merits of the controversy which is presented for our consideration. As to the parties who are here on appeal, the cause stands on the bill of complaint and the demurrer thereto, for the pleas of the defendant do not seem to have been at all considered by the court below. They must be regarded as though they had been withdrawn or stricken from the record, and the facts stated in them, if facts they are, can not be taken into account.

It is very clear that, if the appellee had been sued alone on the facts stated in the bill of complaint, the suit could not have been maintained. The remedy was adequate and complete at common law. It is also very clear, under the decision of the Supreme Court of the United States in the case of *Keller* v. *Ashford,* 133 U. S. 610, that, if the other defendants had been sued to the exclusion of the appellee, Frank I. Gregory, the jurisdiction of the court of equity

would be beyond question. The case now presented is whether, when all the parties are joined as defendants in one suit in equity, such suit may be maintained against them, notwithstanding that they sever in their defense, and after such severance the cause proceeds against the party suable at common law as though he were the only party to the proceeding, the other defendants passing out of the cause.

We do not think that it was the meaning of the Supreme Court in the case of *Keller* v. *Ashford* to hold that a case cognizable at common law could be united with one cognizable in equity, so as to enable the court of equity to maintain jurisdiction of both. That court has repeatedly, and in later as well as in earlier decisions, affirmed the contrary doctrine. *Scott* v. *Neely,* 140 U. S. 106; *Cates* v. *Allen,* 149 U. S. 452; *Scott* v. *Armstrong,* 146 U. S. 499, 512; *Bennett* v. *Butterworth,* 11 How. 669; *Thompson* v. *Railroad Companies,* 6 Wall. 134. And the Supreme Court has also said that "where a cause of action cognizable at law is entertained in equity on the ground of some equitable relief sought by the bill, which it turns out can not, for defect of proof or other reason, be granted, the court is without jurisdiction to proceed further and should dismiss the bill without prejudice." *Dowell* v. *Mitchell,* 105 U. S. 430. Such also was the ruling of this court in the case of *Palmer* v. *Fleming,* 1 App. D. C. 528.

We do not see how the application of these authorities can be avoided in the present case. There is here clearly the joinder of a legal claim against one person with an equitable claim against certain other persons, which, although connected with each other, are independent in law, and might have been enforced by separate and independent proceedings; and the joinder of a legal claim against one person with an equitable claim against other persons in one and the same suit in equity is certainly more objectionable than the joinder of two such claims in one suit in equity against one and the same person.

The case of *Keller* v. *Ashford* is authority for the doctrine
that in this District it is only in a court of equity that a
mortgagee can enforce for his own benefit the obligation or
security which a grantee from the mortgagor has given to
the latter for the payment of the mortgage debt by the
assumption of such debt in the deed of conveyance to him or
in consequence of such deed of conveyance. And it is also
authority for the rule that, in a proceeding in equity for the
enforcement of such obligation or security, the mortgagor is a
proper party, although perhaps not a necessary party. But
even if it should be assumed that he was a necessary party
to any such proceeding, it is quite apparent from the case
cited that the fact of his being made a party would not neces-
sarily warrant a decree against him for the amount for which
it was sought to hold the other parties. For in the case
of *Keller* v. *Ashford* there had already been a judgment at
law rendered against the mortgagor, which remained un-
satisfied, although a writ of execution had been issued to
enforce it; and if the mortgagor had been thereafter made
a party to the subsequent suit in equity against the person
who had assumed the debt, no decree for the payment of the
same deficiency could have been rendered against him; for
the decree could have had no greater force than the previous
judgment at law, and it would have been manifestly im-
proper to multiply adjudications of the same precise tenor
and effect. Clearly, therefore, it was not the purpose of
that decision to hold that a case cognizable at common law
could be combined in a proceeding in equity with a case
properly of equity jurisdiction so as to entitle the court of
equity to maintain cognizance of both. Consequently, the
demurrer to the bill of complaint in the present instance
was properly sustained.

But the bill may be amended, and leave should have
been granted to the complainant to amend it.

The vice of the bill of complaint, as at present formulated,
is that it combines the contract by which the appellee in

the first instance obligated himself to pay the indebtedness which he created, with a subsequent contract or series of contracts whereby the grantees of the appellee bound themselves to the appellee, the original mortgagor, to pay the indebtedness. It is this latter contract alone of which equity can take cognizance under the rule announced as the law of this District in the case of *Keller* v. *Ashford.* To this latter contract the mortgagor was a party. As between himself and his grantee, the mortgagor virtually becomes a surety, and the grantee the principal debtor; and inasmuch as the mortgagor, if he pays the debt, is entitled to recover the same from his grantee, the mortgagee is allowed, in order to avoid circuity of action and multiplicity of suits, to substitute himself for the mortgagor, and to enforce the security directly for himself.

In the case of *Crowell* v. *St. Barnabas Hospital,* 12 C. E. Green, 650, 656, the Court of Errors of New Jersey, by Mr. Justice Depue, said:

" He (the mortgagee) is allowed by a mere rule of procedure, to go directly as a creditor against the person ultimately liable, in order to save the mortgagor, as the intermediate party, from being harrassed for the payment of the debt, and then driven to seek relief over against the person who has indemnified him, and upon whom the liability will ultimately fall. The equity on which his relief depends is the right of the mortgagor against his vendee, to which he is permitted to succeed by substituting himself in the place of the mortgagor."

This language the Supreme Court of the United States cites and approves in the case of *Keller* v. *Ashford,* as showing the ground upon which the mortgagee is entitled to proceed in such cases.

The contract between the mortgagor and his grantee, to which in equity the mortgagee is entitled to substitute himself, is in the nature of a second security additional to the mortgage. It is the enforcement of this second security

that gives jurisdiction to the court of equity; and there can be no personal decree against the mortgagor in a suit to enforce it, until the security itself is exhausted. Precisely the same rule prevails in regard to it that obtains in regard to the mortgage itself in the first instance, when that mortgage stands alone as the basis for the jurisdiction of equity. A decree for the payment of the mortgage debt can not be had in a suit instituted for the foreclosure of the mortgage, either as a substitute for such foreclosure or as concurrent with it; the jurisdiction of equity extends only to the foreclosure of the mortgage, and then, as incidental thereto, to the rendition of a personal decree for the deficiency. Under the decisions already cited of the cases of *Dowell* v. *Mitchell*, 105 U. S. 430, and *Palmer* v. *Fleming*, 1 App. D. C. 528, if the proceeding for a foreclosure wholly failed as for total failure of title to the mortgaged property, or for forgery of the mortgage deed, or for any other reason, the court of equity would be without jurisdiction to render a personal decree against the mortgagor for any amount. So, likewise, in regard to the second security, such as is now under consideration, it is only as incidental to the enforcement of it and after it has been exhausted, that a personal decree against the mortgagor for any deficiency would be proper. In this suit it is not the deficiency under the mortgage for which a personal decree can be rendered against the mortgagor, but the deficiency which may remain after the second security is exhausted, and the amount of which can only be definitely ascertained after the exhaustion of such second security.

By so amending his bill of complaint as to make it conform to this theory of the law, which we believe to be the proper deduction from the decision in the case of *Keller* v. *Ashford*, the appellant may entitle himself to a standing in equity as against the appellee. It seems that he did not have the opportunity in the court below to amend the bill, apparently upon the assumption that it was impossible to

amend so as to avoid the ground of demurrer then assigned and properly sustained. But we think that, upon a critical analysis of the law, the bill of complaint is susceptible of amendment, so as to show a cause wholly and properly cognizable in equity; and we think that it is in the interest of justice that the appellant should have the opportunity to amend.

It is our conclusion that there was no error in the action of the Supreme Court of the District in sustaining the appellee's demurrer to the appellant's bill; but that the appellant should have had leave to amend. The decree appealed from will, therefore, be modified to that extent; and the cause will be remanded to the Supreme Court of the District with directions to vacate so much of said decree as dismisses the bill of complaint as to the appellee Frank I. Gregory, and to allow the complainant a reasonable time within which to amend the said bill; and for further proceedings in accordance with law and in conformity with this opinion.

The appellant, however, is to be charged with the costs of this appeal; and if he does not amend his bill, within such time as may be prescribed, the decree of dismissal against him may be renewed. And it is so ordered.