## FERKEL v. COLUMBIA CLAY WORKS.

## COLUMBIA CLAY WORKS v. FERKEL.

(Circuit Court of Appeals, Seventh Circuit. April 11, 1911. Rehearing Denied July 27, 1911.)

### Nos. 1,749, 1,754.

1. CORPORATIONS (§ 657*)—FOREIGN CORPORATIONS—STATE LAW—APPLICATION.

The Illinois statute requiring foreign corporations doing business in that state to perform certain requirements, etc., relates to business contracts only, and has no application to a contract for the leasing of real property in Illinois.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 657.*

Foreign corporations doing business in state, see notes to Wagner v. J. & G. Meakin, 33 C. C. A. 585, and Ammons v. Brunswick-Balke-Collender Co., 72 C. C. A. 622.]

2. APPEAL AND ERROR (§ 671*)—RECORD—REVIEW.

The Circuit Court of Appeals cannot determine a writ of error on the theory that the trial court compelled plaintiff to submit to a modification of the judgment as a condition to the denial of a new trial, where such fact was not based on anything contained in the record.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 671.*]

3. JUDGMENT (§ 256*)—CONFORMITY TO VERDICT.

In a suit at law, where the issues of fact are submitted to a jury, the judgment must conform to and follow the verdict.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 446-454; Dec. Dig. § 256.*]

In Error to the Circuit Court of the United States for the Eastern District of Illinois.

Action by the Columbia Clay Works against Jacob Ferkel. From a judgment for less than the relief demanded, both parties bring error. Affirmed on defendant's writ of error, and reversed on plaintiff's writ.

Charles P. Wise, David E. Keefe, William E. Wheeler, Gustavus A. Buder, and Oscar E. Buder, for plaintiff in error.

Edward C. Kramer, Rudolph J. Kramer, Bruce A. Campbell, and Curt H. G. Heinfelden, for defendant in error.

Before GROSSCUP and BAKER, Circuit Judges, and HUMPHREY, District Judge.

HUMPHREY, District Judge. The controversy in these cases grows out of an action of forcible entry and detainer brought by the Clay Works, a Missouri corporation, against Ferkel, a citizen of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Eastern district of Illinois, for the possession of certain premises in Illinois. The corporation claims right of possession by various assignments of a 99-year lease executed by Ferkel and others, and after a jury trial the court below gave a conditional judgment in favor of the Clay Works. Writs of error were prosecuted by both parties; Ferkel contending that the Clay Works had not shown the statutory requirements necessary to confer jurisdiction, and the Clay Works contending that the condition fixed by the court in rendering judgment and ordering restitution of the premises was a modification which the court had no power to impose. The writs of error will be considered together.

[1] It is objected that the plaintiff below was a foreign corporation which had not complied with the laws of Illinois respecting the doing of business in this state. The only contract, however, in the nature of doing business in this state, that is involved, is the lease, and we do not think that that contract is within the meaning of the law. Certainly Illinois by that statute did not intend to make void any leases or other grants of land that a foreign corporation might acquire, irrespective of whether such corporation did business or not. It was the business contracts, and not the property contracts, that the law had in mind. This objection is not good.

[2, 3] The only other question we deem it important to consider is that raised by the writ of error in No. 1,749, that the verdict awarded the entire premises to the Clay Works, and in the face of this the court gave judgment and writ of restitution for only a portion thereof. Upon argument mention was made by counsel of a colloquy between court and counsel at the time of the hearing of a motion for a new trial, and that the court, at that time, imposed the condition of a modified judgment, and required counsel for the Clay Works to assent thereto, and thereupon overruled the motion for new trial. Counsel disagree utterly as to the colloquy, the condition, and the assent thereto. The record does not disclose that, at the time of the argument of motion for new trial, the court imposed any such condition, or that counsel for the Clay Works assented thereto. In Ferkel's assignment of errors is the only place where the subject is mentioned, and is, therefore, not based on anything contained in the record. One paragraph of the charge to the jury indicates that the court might have had in mind some intention to limit the recovery to something less than the whole amount of the premises; but the record does not show that it was done, and the record must control. Now, it is well settled that in a suit at law, where the issues of fact are submitted to a jury, the judgment of the court must conform to and follow the verdict. Bennett v. Butterworth, 11 How. 669, 13 L. Ed. 859.

No. 1,754 is affirmed, and No. 1,749 is reversed and remanded, with direction to proceed in conformity with this decision.