**TEXAS COMPENSATION INS. CO. v. HEARD.**

No. 8575.

Circuit Court of Appeals, Fifth Circuit.

Dec. 11, 1937.

.E. Y. Boynton, of Waco, Tex., and C. M. Means and John H. Bickett, Jr., both of Dallas, Tex., for appellant.

W. W. Naman of Waco, Tex., and Henry Taylor, of Temple, Tex., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment awarding compensation in a lump sum for total and permanent disability in an action by appellee to revise an award by the Industrial Accident Board of Texas. The decision of this court on a former appeal in the same case is reported as Heard v. Texas Compensation Insurance Co., 5 Cir., 87 F.2d 30.

On the trial, special issues were submitted to the jury. The verdict was as follows:

"We, the jury, find for W. F. Heard as follows:

"1. That he is totally incapacitated: Permanently or Number of Weeks (not to exceed 401 weeks): 401 weeks.

"2. That he is partially incapacitated: Number of weeks (not to exceed 300 weeks):

"3. Percentage of partial incapacity: ————per cent.

"4. Average weekly wage of W. F. Heard: Amount: $26.10.

"5. Weekly payments or lump sum awarded: (answer by stating either weekly payments or lump sum.)

"Answer: Lump sum.

"[Signed]: D. J. Littlefield, Foreman."

Under the Texas statute (article 8306, § 10, Texas Revised Statutes of 1925), 401 weeks is the time factor used in computing the award for total and permanent disability. Lump sum awards are permitted in cases of special hardship where totality and permanency have been established. On the trial of this case, the court had properly instructed the jury on these matters, and the jury returned a verdict which was not acceptable. Thereupon the court further instructed the jury that, unless they found that appellee was totally and permanently disabled, for which the compensation would run for 401 weeks, they could not award a lump sum settlement, telling them further that it was only when the jury found total and permanent disability, which would be compensable for 401 weeks, that appellee would be entitled to a lump sum payment. When the verdict was returned, the court treated it as a finding of permanent disability and entered judgment accordingly, reciting a finding of totality and permanency and awarding a lump sum.

■ It is clear from the form of the verdict that the jury either refused to find permanency or construed the instruction of the court to mean that a finding of 401 weeks would be the equivalent thereof. Finding totality, the jury was required to elect between the two alternatives allowed in the verdict. The choice of one necessarily entailed the rejection of the other, because the two were inconsistent. It was immaterial to the jury that 401 weeks was the time factor used in computing awards for total and permanent disability, since they were properly instructed that they were not to make this computation. The judgment, being based on a jury verdict of permanency, is not supported by the record. Texas Employers' Insurance Association v. Shilling, Tex.Civ.App., 259 S.W. 236. The case here is not the substitution of another amount for the one found by the jury, as was the case of Dimick v. Schiedt, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603, 95 A.L.R. 1150. The action of the court was to substitute a finding which the jury could have made, but did not, for a finding which it had made and which was inconsistent with that substituted by the court. The failure to follow the verdict requires a reversal of the judgment. Bennett v. Butterworth, 11 How. 669, 13 L.Ed. 859; New Orleans Insurance Co. v. Piaggio, 16 Wall. 378, 386, 21 L.Ed. 358; Fillipon v. Albion Vein Slate Co., 250 U.S. 76, 39 S.Ct. 435, 63 L.Ed. 853.

■ It is insisted that the only matter of substance in the failure of the judgment to comply with the verdict is the award of a lump sum in lieu of the weekly installments, as provided in the act, and that on reversal we should direct the entry of a judgment in conformity with the finding that appellee was totally disabled for a period of 401 weeks, and that his average wage was $26.-10. The power of an appellate court to exclude issues settled by a jury verdict from the proceedings to be had on remand is recognized in the case of Gasoline Products Co. v. Champlin Refining Co., 283 U.S. 494, 51 S.Ct. 513, 515, 75 L.Ed. 1188. In that case, the court said that: "Where the practice permits a partial new trial, it may not properly be resorted to unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice." In this case, all the findings were for appellee; but the circumstances under which the verdict was returned indicate that the primary purpose of the jury was to make a lump sum award, and that the other findings were made as the foundation for such action. Thus we are confronted with a judgment which is clearly erroneous because not supported by the verdict, which, in turn, cannot be accepted without revision in the one particular in which the jury was most concerned. The situation appears to be the same as if the jury had returned a general verdict in favor of appellee that he recover a lump sum to be determined on the

basis of 401 weeks' temporary total disability and $26.10 average weekly wages. Such a general verdict could not have been accepted under the charge of the court. No judgment could be entered thereon, because each finding is in conflict with another, either expressly or by implication. It does not appear that the issues of the duration of disability and rate of compensation have been determined independently and as distinct issues from the finding of lump sum award. In this situation, the matter is still at large, and the cause must be remanded for a new trial. Slocum v. New York Life Insurance Co., 228 U.S. 364, 33 S.Ct. 523, 57 L.Ed. 879, Ann.Cas.1914D, 1029; Gasoline Products Co. v. Champlin, supra; Baltimore & C. Line v. Redman, 295 U.S. 654, 55 S.Ct. 890, 79 L.Ed. 1636; Aetna Insurance Co. v. Kennedy, 301 U.S. 389, 57 S.Ct. 809, 81 L.Ed. 1177; Indemnity Insurance Co. v. Levering, 9 Cir., 59 F.2d 719.

The judgment of the District Court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed.