## NEW AMSTERDAM CASUALTY CO. v. REEVES.　(No. 2868.)

Court of Civil Appeals of Texas.　Amarillo.
Sept. 28, 1927.

Rehearing Denied Nov. 9, 1927.

1. Evidence ⬤⟞314(2)—Testimony as to examination of X-ray picture of plaintiff's skull held not inadmissible as hearsay, where witness stated that picture was one of plaintiff's skull and there was no affirmative showing to contrary.

Expert witness' testimony as to whether X-ray picture of plaintiff's skull showed that it was fractured *held* not inadmissible as hearsay, where witness testified that the picture was one of plaintiff's skull and there was no affirmative showing to the contrary.

2. Appeal and error ⬤⟞664(4)—Statement of facts controls bill of exceptions, when there is direct conflict.

Statement of fact is controlling over recitals in bill of exceptions, when there is direct conflict between them.

3. Master and servant ⬤⟞387—Statute held not to permit award of compensation for partial incapacity, with award for total permanent incapacity (Rev. St. 1925, art. 8306, §§ 10, 11).

Rev. St. 1925, art. 8306, § 11, dealing with compensation for partial incapacity, *held* to contemplate compensation for total incapacity under section 10, during such incapacity, and, in event of partial recovery, compensation for partial incapacity thereafter, but not to permit award for partial incapacity at same time as award for total permanent incapacity.

4. Master and servant ⬤⟞417(5)—Findings in compensation case respecting degree of incapacity and permanency held material (Rev. St. 1925, art. 8306, §§ 10, 11).

Findings in compensation case that injuries caused total incapacity, that such incapacity was permanent, that it would continue 200 weeks, that employee suffered partial permanent incapacity, and that the amount thereof was 50 per cent., *held* material, under Rev. St. 1925, art. 8306, §§ 10, 11.

5. Master and servant ⬤⟞417(5)—Judgment awarding compensation for total incapacity for limited period and for partial incapacity thereafter held error, as ignoring material findings of jury.

Judgment awarding compensation for total incapacity for period of 200 weeks, and compensation for partial incapacity for 200 weeks thereafter, *held* error, where jury found that injuries caused total incapacity, that such incapacity was permanent, that it would continue 200 weeks, that injuries caused partial permanent incapacity, and that such incapacity amounted to 50 per cent.

Appeal from District Court, Wichita County; Robert Cole, Judge.

Suit to set aside award of Industrial Accident Board, brought by George Reeves against the New Amsterdam Casualty Company. From judgment awarding compensation, defendant appeals. Reversed and remanded.

Davenport & Crain, of Wichita Falls, for appellant.

Luther Hoffman, of Wichita Falls, and Robt. Carswell, of Dallas, for appellee.

HALL, C. J. The appellee, Reeves, filed this suit to set aside an award of the Industrial Accident Board, by which the board decreed that the appellant company should pay appellee compensation at the rate of $20 per week for a period of 401 weeks. No question is made upon the pleadings. The substance of the petition is that the appellant issued to Gray Bros. a policy of workmen's compensation insurance; that appellee was an employee of Gray Bros., and while so employed by them was receiving the sum of $10 per day; that on August 31, 1926, while in the course of his employment, he was injured by a large piece of timber, which fell on his head and shoulders, and fractured his skull, producing a permanent and total disability, and incapacitating him for any kind of work. The petition shows that plaintiff has complied with all of the formalities required by the statutes to entitle him to maintain a suit. He alleged that he had a wife and five children, and prayed that the award be paid in a lump sum. The appellant answered by general denial and a general exception, and the case was submitted to a jury upon special issues.

[1,2] The first proposition urged is that the court erred in admitting a certain interrogatory and answer thereto, which had been propounded to Dr. Carpenter, relative to the witness' examination of an X-ray picture. The bill of exception shows that the witness was a practicing physician, and after he had testified that he had examined the plaintiff, Reeves, he was asked if he examined an X-ray picture of the head of the plaintiff, George Reeves, and, if he did examine it, whether or not it showed that the head or skull of George Reeves was fractured. The question and answer were objected to, because it was not shown by whom the picture was taken, whether or not it was correct, and further because the evidence would be hearsay. The bill of exception further recites:

"That there was no testimony introduced during the trial by the plaintiff to show that Dr. Carpenter knew anything about said X-ray, or who took the same, at the time the examination was made."

The testimony of Dr. R. H. Milwee was introduced, showing that he made an X-ray of the appellee's head and shoulders on October 16, 1926; that he personally developed the picture after it had been made; and that he had the pictures in his possession at the time he was testifying by deposition. He further testified that they were in the same condition

⬤⟞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

as when he took them. The statement of facts shows that Dr. Carpenter made a personal examination of the appellee's head on September 13, 1926, and further testified that he examined an X-ray picture of Reeves with reference to whether or not the head or skull of Reeves was fractured. He further said:

"I examined an X-ray picture of the head of the plaintiff, and that X-ray picture was developed by and examined for Drs. J. L. Pierce and R. Milwee, of Dallas, Texas."

The proposition urged is that Dr. Carpenter's testimony was hearsay. Under the record before us, it does not appear that Dr. Carpenter's testimony was subject to the objection made that it was hearsay. He testified that he examined the X-ray picture of the head of the plaintiff, and that the picture was developed by and examined for the other doctors. This examination, according to his testimony, was made about a month after he had examined the injuries of Reeves in person. While the recital in the bill of exception above would tend to sustain the contention that he did not know anything about the X-ray, his direct testimony in the statement of facts contradicts the recital in the bill, and where there is a conflict between the bill of exceptions and the statement of facts, the latter controls. The X-ray itself was not introduced. That Dr. Carpenter was an expert is not questioned. On cross-examination he was not asked by defendant how he knew that the X-ray picture which he had examined was a picture of Reeves' skull. Where it does not affirmatively appear that the testimony of plaintiff's witness is hearsay, and where the witness affirmatively states that he knows a fact, as in this case, the court properly overruled the objection. Fort Worth & Denver City Ry. Co. v. Ryan (Tex. Civ. App.) 271 S. W. 397. No proposition based upon the other objections to this testimony is urged.

It is next insisted that the findings of the jury upon material issues are so inconsistent and contradictory that no judgment could be properly entered based upon them. In reply to the first special issue, the jury found that Reeves suffered an injury while engaged in the performance of his duties to his employer, on or about August 28, 1926. To special issue No. 2 the finding is that the injuries suffered by Reeves resulted in his total incapacity, and the finding in response to special issue No. 3 is that such total incapacity was permanent. In response to special Issue No. 4, the jury found that such total incapacity would continue 200 weeks. This finding is inconsistent with the finding that the total incapacity was permanent. In response to special issue No. 1, requested by the defendant, the jury found that Reeves suffered partial permanent incapacity by reason of the injury, and in response to defendant's special issue

No. 2 found that the per cent. of such partial permanent incapacity was 50 per cent.

[3] These findings are inconsistent with the findings to the effect that he had suffered total permanent incapacity. The statute (Rev. St. 1925, art. 8306, § 11) contemplates that the injured party may be entitled to compensation under section 10, while he is totally incapacitated. Then, if he partially recovers from the injuries, his compensation may be governed by the amount fixed for such partial incapacity, as may follow the period of total incapacity; but, if his injuries are total—i. e., 100 per cent.—and permanent, no compensation can be awarded him for an injury which reduces his capacity 50 per cent. A partial or 50 per cent. incapacity cannot follow a total or 100 per cent. incapacity, if the latter is permanent.

[4] Under the statute these findings are all material. It appears that, in rendering the judgment, the court decreed compensation for total incapacity for a period of only 200 weeks, thereby ignoring the jury's findings that total incapacity was permanent. This was error. The court further awarded the appellee compensation for partial incapacity for 200 weeks, following the period for which total incapacity had been awarded.

[5] Our conclusion is that the inconsistency in the several findings is such that no judgment could have been rendered, and that the judgment as rendered by the court disregards material findings, and for this reason is erroneous.

The judgment is therefore reversed, and the cause remanded.