## CASUALTY RECIPROCAL EXCHANGE v. RICHARDSON.

### No. 1626.

Court of Civil Appeals of Texas. Waco.
Oct. 10, 1935.

E. C. Gaines, of Austin, for appellant.

R. L. Henderson, of Waco, for appellee.

GALLAGHER, Chief Justice.

This is a workmen's compensation case. The Geyser Ice Company was the employer, appellee, Sam J. Richardson, the employee and appellant, Casualty Reciprocal Exchange, the insurance carrier. While the policy issued to said employer by appellant was in effect, appellee sustained an injury. He presented a claim for compensation therefor to the Industrial Accident Board, which made an award thereon. Appellee brought this suit in the district court to set said award aside and to recover compensation for total and permanent incapacity to work, or, in the alternative, for such compensation as he might be found entitled to receive.

The case was submitted on special issues. The jury found, in response to issues 1 to 4, inclusive, that appellee, on September 15, 1932, suffered personal injuries in the course of his employment which resulted in his total incapacity to work, and that such incapacity was permanent. The court, in issues 5 and 6, asked the jury to find whether the incapacity so found, if any, was temporary, and, if so, how many weeks appellee was totally incapacitated for work. Neither of these issues was answered. The jury, in response to issue 7, found that appellee was partially incapacitated for 104 weeks, and in response to issues 11 to 14, inclusive, that appellee suffered temporary total disability as a result of his injury for a period of 56 weeks and that he suffered temporary partial disability therefrom for a period of 104 weeks. The jury found, in response to issue 16, that appellee suffered permanent partial disability as the result of his injury, and in response to issues 15 and 17, that the percentage of his temporary partial disability was total, and that the percentage of his permanent partial disability was total. The court rendered judgment on the verdict in favor of appellee against appellant for compensation for 160 weeks on the basis of total incapacity for such entire time.

### Opinion.

Appellant contends that there is such inconsistency and conflict between the sev-

eral findings of the jury as to render same insufficient to support the judgment. "Incapacity" and "disability" are used interchangeably in the issues submitted. The findings of the jury that appellee was totally and permanently incapacitated for work as the result of his injury are inconsistent with the further findings that he suffered total temporary disability for a period of 56 weeks and that he suffered temporary partial disability for a period of 104 weeks. The finding that appellee suffered partial disability cannot be reconciled with the further finding that the percentage of such disability was total. Other inconsistencies in the findings need not be specifically mentioned. Indemnity Ins. Co. of North America v. Williams (Tex. Civ. App.) 69 S.W.(2d) .519, 522, pars. 1 to 3 (writ granted on other grounds); Baggett v. Texas Employers' Ins. Ass'n (Tex. Civ. App.) 70 S.W.(2d) 469, 472, par. 9 (writ refused); Stanley v. Martin Wagon Co. (Tex. Civ. App.) 39 S.W.(2d) 127, 128, pars. 2, 3.

The judgments of the court should conform to the pleadings, the nature of the case proved, and the verdict, if any. R. S. art. 2211, as amended by Acts 1931, c. 77, § 1 (Vernon's Ann. Civ. St. art. 2211). The effect of conflicting findings was considered by the court in West Lumber Co. v. Keen (Tex. Com. App.) 237 S. W. 236, 237. We quote from the opinion in that case as follows: "It is not within the province of the court to speculate as to how such contradictory findings occurred or to select from such findings one on which to base a judgment. The contradictory findings are of equal dignity, and each is entitled to the same consideration. No process of reasoning by the court can eliminate one and select the other. For the court to do so would be to substitute itself for the jury in finding the facts. No such authority exists." See, in this connection, Speer on Special Issues, p. 560, § 431; Id., p. 566, § 437; 64 C. J., p. 1174, § 964; Waller v. Liles, 96 Tex. 21, 70 S. W. 17; Puckett v. Davis (Tex. Civ. App.) 238 S. W. 367; First Nat. Bank v. Rush (Tex. Com. App.) 246 S. W. 349, 353, par. 1; Northern Traction Co. v. White (Tex. Civ. App.) 19 S. W.(2d) 416, 417, par. 1; Dr. Pepper Bottling Co. v. Rainboldt (Tex. Civ. App.) 40 S.W.(2d) 827, 830, pars. 10, 11; Price v. Seiger (Tex. Com. App.) 49 S.W.(2d) 729, 731, par. 1. Appellant's contention is sustained.

Appellant contends that the court erred in the definition given the jury of the term "incapacity for labor." Appellant's objection to the charge upon which such contention is based is too general to justify consideration. Chase Bag Co. v. Longoria (Tex. Civ. App.) 45 S.W.(2d) 242, 244, pars. 4–6, and authorities there cited; Ford Motor Co. v. Maddin (Tex. Com. App.) 76 S.W.(2d) 474, 479, pars. 6–8.

The judgment of the trial court is reversed, and the cause remanded.