was not willful within the contemplation of our statute.

■ There were two counts in the indictment, one charging desertion of the wife, who at the time was in destitute and necessitous circumstances; the other count charging the willful desertion of his four minor children. The learned trial judge submitted only the second count, and the verdict of guilty was based on that count. Under the statutes of this State it is not necessary that it be alleged or proved that the minor children, in a case like this, be shown to be in destitute or necessitous circumstances. It is only necessary that the State show facts justifying the conclusion that the desertion of such children was willful. In our opinion the facts in this case support that conclusion.

The judgment is affirmed.

### On Motion for Rehearing.

HAWKINS, Judge.

■ Appellant moves for rehearing, chiefly because of three alleged errors of procedure. We did not discuss appellant's bills of exceptions when we wrote the opinion complained of, and cannot now consider them because same were filed too late. Appellant's motion for new trial was overruled October 11, 1935, and an order was then made granting him 50 days in which to file bills of exceptions. On November 29th the court was asked to extend the time for filing such bills to January 1, 1936, and he made an order specifically extending such time for filing to January 1, 1936. The bills complaining of the matters of procedure referred to above were filed January 8, 1936, manifestly after the expiration of the time fixed in said order of extension.

■ We see little need for review of the facts. In December, 1934, appellant quit his wife and children. He was indicted on May 31, 1935. His wife testified that during their separation he had given her, for herself and children, $1 at one time, and $4 at another time; that he had bought some groceries, the last being on April 15, 1935, at which time he told her this would be his last—that she would have to go on relief. She further testified that she did not put the matter into the hands of the law until May 30th of that year. The facts further show that, when appellant was notified to make bond he left Texas and went to Oklahoma, and that when he was arrest-

ed there he was in a tourist camp with a woman in whose father's house he had been boarding before he left Texas. His clothes were in her cabin. Appellant's defense was that he had furnished his wife food for herself and children, but he does not seem to have covered the period after April 15, 1935. The wife swore that she and her children had suffered for food. The solution of conflicting issues of fact is for the jury, and they have decided them against appellant. We cannot say there are no facts sufficiently supporting the verdict.

The motion for rehearing is overruled.

### TEXAS EMPLOYERS' INS. ASS'N v. WHITE.

No. 3392.

Court of Civil Appeals of Texas. El Paso.

Oct. 22, 1936.

Rehearing Denied Nov. 12, 1936.

Scarborough & Ely, of Abilene, for appellant.

J. B. Cotten, and Fred H. Woodard, both of Crane, and Fred C. Knollenberg, of El Paso, for appellee.

PELPHREY, Chief Justice.

Appellee was injured on or about October 22, 1934, while working as a roustabout for H. O. Wooten, on an oil lease in Glasscock county, Tex.

Within six months thereafter he filed his claim for compensation with the Industrial Accident Board. From an award made by the Board appellee gave notice of appeal and filed this suit in the district court of Glasscock county claiming to be permanently and totally disabled and seeking recovery of compensation for a period of 401 weeks at $13.29 per week which it is agreed is the correct wage scale.

In the alternative he prayed for compensation for such period of time and extent of disability as he might show himself entitled.

Appellant answered by general demurrer and general denial.

The case was tried upon special issues, and judgment rendered in favor of appellee for $4,676.35. This appeal followed.

Opinion.

Appellant complains of the judgment because of misconduct of the jury; because of conflict in the jury's finding; because of the exclusion of evidence for appellant; because of the admission of evidence over appellant's objection; because of the court's refusal to instruct the jury to disregard certain evidence; and because the court permitted a witness to make a speech to the jury which was not responsive to the question asked.

The record shows that the attorneys for appellant told the jury while the panel was being examined, and again in the arguments to the jury, that appellant agreed that appellee had been hurt and that they owed him, but could not agree on the amount. This being true, then appellant was not harmed by the fact that the jury decided whether they should find for appellee or against him before they answered the several issues.

It further appears that the evidence on the motion for a new trial was conflicting as to whether or not the jury framed its answers so as to carry the decision that appellee should recover into effect. The decision of this issue was within the province of the trial court, and his determination thereof will not be disturbed by us unless palpably wrong. Texas Employers' Ins. Ass'n v. Chocolate Shop (Tex.Com.App.) 44 S.W.(2d) 989.

The court did not err in refusing the new trial on the ground of the jury's misconduct and the assignments raising that question are overruled.

Special issue No. 4 read: "Do you find from a preponderance of the evidence that such injury, if any ,found by you, sustained on or about October 22, 1934, if any, naturally resulted in total incapacity of said R. H. White for any length of time?" To this issue the jury answered, "Yes."

Special issue No. 8 read: "Do you find from a preponderance of the evidence that such injury, if any, sustained on or about October 22, 1934, did not result in partial incapacity of R. H. White? Answer, 'The injury of October 22, 1934, did not result in partial incapacity,' or 'The injury of October 22, 1934, did result in partial incapacity of R. H. White,' as you find the facts to be." To this issue the jury answered, "The injury of October 22, 1934, did result in partial incapacity of R. H. White."

■ Appellant now contends that there is such a conflict between the findings on the above issues as to preclude the rendering of a judgment.

A further examination shows, however, that the jury in response to special issue No. 9 found that the partial incapacity found by them in answer to special issue No. 8 was 100 per cent., and in answer to special issue No. 10 that such partial incapacity was permanent.

■ It is the duty of a court construing findings to construe them as a whole, Elder, Dempster & Co., Ltd., v. Weld-Neville Cotton Co. (Tex.Com.App.) 231 S.W. 102; First National Bank v. Rush (Tex.Com.App.) 246 S.W. 349, and that they should be so construed as to support the trial court's judgment, Scruggs v. Crockett Automobile Co. (Tex.Civ. App.) 41 S.W.(2d) 509.

■ We think when we apply the above rulings to the findings before us that no such conflict exists as would have warranted the trial court in refusing to render judgment thereon. The fact that appellee's brother had been injured and had claimed compensation from another insurance company was not admissible to show an interest on the part of the witness, and the court properly excluded such evidence.

■ The evidence of hemorrhage was clearly admissible, and it was not necessary for appellee to show that it was caused specifically by his injury to render it so.

■ The evidence introduced by appellee as to being jerked down across the sill is not a variance from the allegation that he was injured while "lifting on, straining at and pulling upon Superior Gas Engine."

Appellee's version of the accident is: "You know what a Superior engine is. The fly wheel was higher than my head standing on the floor and the fly wheel was about that high (indicating) from my head to the floor. It had very little spark, if any. We had taken the magneto off and after we decided we couldn't start it with the old magneto, he (the farm boss) said we would put the new one on that he had. I held it while he fastened it on. Then he said, 'all right, boys, let's give her hell.' Those were his words and when I reached down to get the fly wheel I was standing straddling the sill. This sill was, I would say, about a sixteen by sixteen sill and some three or four inches off the ground. I was standing straddling the sill and reached down and got the spoke and he said 'let's give her hell.' Simmons was at the front and one of the other boys and him were pulling up and it backfired out; it pulled me down like that (indicating). I hit the ground and straddled the sill."

The court was justified in concluding that appellant's counsel was not requesting Dr. Fisher's memorandum for the purpose of cross-examination but for other purposes, and, therefore, committed no error in refusing the request.

If the witness, Dr. Black, exceeded the rights of a witness, such conduct was certainly invited by appellant's counsel.

Finding no reversible error, we have concluded that the judgment should be affirmed, and it is so ordered.