## TEXAS EMPLOYERS INS. ASS'N v. PHELAN.

### No. 4705.

Court of Civil Appeals of Texas. Amarillo.

Feb. 1, 1937.

Underwood, Johnson, Dooley & Huff, of Amarillo, for appellant.

L. B. Godwin and Kimbrough & Boyce, all of Amarillo, for appellee.

JACKSON, Justice.

The appellee, E. B. Phelan, instituted this suit in the district court of Potter county against the appellant, Texas Employers' Insurance Association, to set aside the decision of the Industrial Accident Board on his claim for compensation and recover for alleged accidental injuries he claims to have sustained on April 22, 1935, while employed by the International Harvester Company, which carried insurance with appellant for the protection of its employees.

The appellant answered by general demurrer, special exceptions, general denial; and pleaded specially that if appellee is incapacitated to any degree it is due to the diseased condition of his teeth and tonsils, and his capacity to work could be wholly or substantially restored in a few weeks by the extraction of his teeth and the removal of his tonsils; that it would be reasonable for appellee to undergo such operations, both of which are substantially free from danger.

We shall set out only the special issues and the answers thereto necessary to dispose of this appeal since the answers of the jury to the special issues submitted were all in favor of appellee, and the court rendered judgment that he recover from appellant for total incapacity the lump sum of $2,730.

The appellant assails as error the action of the court in rendering judgment against it because the findings of the jury to the effect that appellee sustained total and permanent incapacity were in irreconcilable conflict with their findings that he had sustained partial and permanent incapacity.

After defining "total incapacity" correctly, and instructing the jury that "the term 'partial incapacity' means any degree of incapacity less than total; that is, less than 100 per cent. 'Permanent incapacity' means such incapacity as will continue through the remainder of one's life." The court submitted special issue No. 2 relative to total incapacity, as follows:

"(a) Do you find from the preponderance of the evidence that the said Phelan was rendered totally incapacitated for work as the result of his said injury, if any, sustained on April 22, 1935? Answer yes or no.

"(b) Do you find from the preponderance of the evidence that such total incapacity, if any, is permanent?"

Both of these issues were answered in the affirmative.

The issues and answers thereto relative to partial incapacity are as follows:

"Special Issue No. 3: (a) Do you find from the preponderance of the evidence that the said Phelan has sustained partial incapacity for work as the result of his said injury, if any, sustained by him on April 22, 1935?

"(b) Do you find from the preponderance of the evidence that said Phelan will be partially incapacitated for work in the future as the result of his said injury, if any?

"(c) Do you find from the preponderance of the evidence that such partial incapacity, if any, for work is permanent?"

"If you have failed to find that such partial incapacity, if any, is permanent, then answer:

"(d) Find from the preponderance of the evidence the number of weeks, if any, of such partial incapacity, if any. Answer by stating the number of weeks, if any, of such partial incapacity, if any; whether the time of such partial incapacity, if any, has already passed or will continue to some future time.

"(e) Find from the preponderance of the evidence the percentage, if any, of plaintiff's partial incapacity, if any."

Subdivisions (a), (b), and (c) of special issue No. 3 were answered in the affirmative. Subdivision (d) was not answered, and to subdivision (e) the jury answered: "100 per cent."

█ In order for an employee to recover under the Texas Compensation Law, he must, among other things, show whether the accidental injury sustained by him resulted in total incapacity or in partial incapacity. An employee is totally incapacitated under the act, as the jury were instructed by the court, when he is disabled from performing the usual tasks of a workman in such a way as to enable him to procure and retain employment. Texas Employers' Ins. Ass'n v. Brock (Tex.Com.

App.) 36 S.W.(2d) 704; Kemper v. Police & Firemen's Ins. Ass'n (Tex.Com.App.) 44 S.W.(2d) 978.

■ "Total," as used in the statute, is contradistinguished from "partial," and one does not cover the other. Hence, "partial incapacity" obviously means less than "total incapacity." If "total incapacity" is sustained, the injured employee is permitted to recover for four hundred and one weeks from the date of the injury. Article 8306, § 10. If "partial incapacity" is suffered, he is permitted to recover in no case for more than three hundred weeks. "Partial incapacity"—absent "total incapacity"—is made a cause of action on which the employee may recover compensation; however, for the insurance association partial incapacity constitutes a defense to total incapacity, and if such defense is sustained reduces the compensation the employee may recover and the amount for which the association is liable. Texas Employers' Ins. Ass'n v. Horn (Tex.Civ.App.) 75 S.W.(2d) 301.

■ The testimony is sharply controverted as to whether the appellee was totally incapacitated or partially incapacitated. Both degrees of incapacity were submitted in separate issues, and the jury found that appellant had suffered total incapacity and also that he had sustained partial incapacity. The answer of the jury, "100 per cent.," to subdivision (e) of special issue No. 3, does not reconcile the conflict between the findings on total incapacity and partial incapacity. In view of the question and answer it literally means 100 per cent. partial incapacity. If it be construed to be identical in meaning with total incapacity, it adds to the inconsistency of the finding because it presents the additional conflict between the answers given to subdivisions (a), (b), and (c) under special issue No. 3 submitting partial incapacity.

The court rendered judgment based on the findings of total incapacity, and disregarded the findings on partial incapacity. This, in our opinion, was not authorized since the two findings are in irreconcilable conflict. New Amsterdam Casualty Co. v. Reeves (Tex.Civ.App.) 300 S.W. 206; West Lumber Co. v. Keen (Tex.Com.App.) 237 S.W. 236; Mayo v. Fort Worth & D. C. R. Co. (Tex.Civ.App.) 234 S.W 937; Speer on the Law of Special Issues in Texas, p. 563, § 434.

The appellee relies on the holding in Texas Employers' Ins. Ass'n v. R. H.

White (Tex.Civ.App.) 97 S.W.(2d) 960, which supports his contention that these findings are not in conflict. We observe, however, that the Supreme Court granted a writ of error in that case, stating: "We are of the opinion that the verdict is so conflicting as to be insufficient to support a judgment."

The appellant presents numerous other assignments, but we consider it unnecessary to discuss them separately and in detail.

■ In view of another trial we think it proper to say that it is elementary that the issues submitted should be confined to those embraced in the pleadings since the plaintiff cannot recover except on the cause of action alleged.

What the employee is required to show in order to entitle him to recover the average weekly wage under first subsections 1 and 2 under article 8309, section 1, Revised Civil Statutes, and when he is entitled to recover under first subsection 3 thereof, is stated by Judge Critz in American Employers' Ins. Co. v. Singleton (Tex.Com. App.) 24 S.W.(2d) 26.

■ The payment by appellant to appellee of $8.40 per week for nine weeks as compensation does not, as a matter of law, estop appellant from questioning the average weekly wage appellee was entitled to recover. Appellee did not plead these payments as an estoppel, but they were admissible to be considered by the jury in determining the correct average weekly wage upon which appellee's compensation should be based.

■ Appellant challenges as error the action of the court in refusing to submit at its request special issues in order for the jury to determine if the appellee had some incapacity at the time of the trial, and if so, whether the removal of his teeth and tonsils would wholly or partially relieve such incapacity; how many weeks would elapse after such operations before such incapacity would be relieved or partially relieved; and if such operations would involve substantial risk to the life or health of appellee, and if a person of ordinary prudence, under the facts and circumstances, should have had his teeth and tonsils removed.

These issues were presented by the pleadings and the testimony.

Section 12e of article 8306, Revised Civil Statutes, provides in detail when and how

the association may demand that the employee undergo an operation for the purpose of wholly or partially relieving him from any incapacity he has sustained. There is neither pleading nor proof that appellant complied with this provision; hence, this contention is not tenable.

The judgment is reversed and the cause is remanded.