## TRADERS & GENERAL INS. CO. v. WOODS.

### No. 10521.

Court of Civil Appeals of Texas. Galveston.

March 25, 1937.

Sewell, Taylor, Morris & Garwood, of Houston, and Lightfoot, Robertson, Saunders & Gano and Claude Williams, all of Fort Worth (E. B. Robertson, of Fort Worth, of counsel), for appellant.

Phillips & Smith, of Tyler, for appellee.

GRAVES, Justice.

The appellee sued appellant in the twenty-third district court of Fort Bend county to set aside a decision of the accident board on his claim for compensation, and to recover under the terms of the compensation law (Vernon's Ann.Civ.St. art. 8306 et seq.) for accidental injuries alleged to have been sustained by him on or about the 18th day of October of 1935, while in the course of his employment for and with the Fowzer Boiler Works in Fort Bend county, which concern carried insurance with appellant for the protection of its employees.

The appellant answered with a general demurrer, a general denial, and a special answer to the effect that if the appellee was injured, as alleged, such injury was received by him while he was in a state of intoxication; further, that if he was injured, as alleged, he had theretofore suffered a previous injury which resulted in a condition of incapacity, to which both the previous and the subsequent injury, or their effects, had contributed, and had there been no previous injury, the appellee would have recovered from the injury described in his petition within 2 or 3 weeks.

Only the special issues—together with the answers thereto—that are necessary to a disposition of this appeal will be set out, since the jury's answers to the large number of inquiries submitted were all in favor of the appellee, and the trial court —after receiving the verdict—rendered judgment in his favor for an aggregate of $299.40 of accumulated installments up to April 30 of 1936, together with 6 per cent. per annum interest thereon after that date, and the further sum of $15.58 per week thereafter for 273 ensuing weeks, the first of such installments to be paid May 22 of 1936, and another each successive week thereafter until all had been so paid, all such awards being based upon this recitation in the judgment:

"The court is of the opinion that the plaintiff, Ed Woods, is entitled to judg-

ment against the defendant, Traders & General Insurance Company, for his compensation for total incapacity for a period of 300 weeks from October 18, 1935, as found by the jury."

The appellant assails this action of the court—among a number of others—upon the ground that the recited finding of the jury to the effect that appellee had sustained total incapacity for a period of 300 weeks was in irreconcilable conflict with its further finding that he had so sustained "partial incapacity for a period of 300 weeks from October 18, 1935."

After thus defining the terms "total and partial incapacity":

"5. The term 'total incapacity for work', as used in this charge and any questions asked, does not mean an absolute disability to perform any kind or character of labor; but a person disabled from performing the usual tasks of a workman in such a manner as to be able to procure and retain employment, if he is so disabled or incapacitated, is regarded as totally incapacitated.

"6. By the term 'partial incapacity', as used in this charge, is meant a lack of physical power, in part only, or physical inability, in part only, for work. It means that one, who has been injured in any part of his body, is able to perform labor of a less remunerative class only; that is to say, it means that such one's earning capacity, by reason of such injury, has been reduced partially.

"7. The word 'permanent', as used herein, means throughout the natural life of the party,"

these special issues thereon were submitted to and thus answered by the jury:

Special issue No. 5: "Do you find, from a preponderance of the evidence, that such injury or injuries, if any, sustained by Ed Woods resulted in his total incapacity for work, as that term has been defined?"

Answer: "Yes."

In response to special issue No. 6, it was found that the total incapacity was not permanent; under No. 7, that the total incapacity would extend for 300 weeks.

Special issue No. 8 was: "Do you find, from a preponderance of the evidence, that the injury or injuries, if any, sustained by Ed Woods resulted in his partial incapacity for work, as that term has been defined?"

Answer: "Yes."

It was found in response to special issue No. 9 that the partial incapacity was not permanent; under No. 10 that such partial incapacity would extend for 300 weeks; and under No. 11 that the percentage of the partial incapacity of the appellee was 100 per cent.

To recover under the compensation act an employee must show, in addition to the other requisites, whether the accidental injury sustained by him resulted in total, or in partial, incapacity; as the quoted instruction in this instance correctly recites, he is totally incapacitated when disabled from performing the usual tasks of a workman in such a way as to enable him to procure and retain employment. Texas Employers' Ins. Association v. Brock (Tex.Com.App.) 36 S.W.(2d) 704; Kemper v. Police & Firemen's Ins. Association (Tex.Com.App.) 44 S.W.(2d) 978.

In the recent decision by the Amarillo court, Texas, etc., Ins. Ass'n, Appellant, v. E. B. Phelan, Appellee, 103 S.W.(2d) 863, which is regarded as being upon all fours with this cause upon this feature, that court said this, in distinguishing between the liability ensuing under the compensation law from respective findings of total and partial incapacity:

" 'Total', as used in the statute, is contradistinguished from 'partial', and one does not cover the other. Hence, 'partial incapacity' obviously means less than 'total incapacity'. If 'total incapacity' is sustained, the injured employee is permitted to recover for four hundred and one weeks from the date of the injury.

"Article 8306, Section 10. If 'partial incapacity' is suffered, he is permitted to recover in no case for more than three hundred weeks. 'Partial incapacity'—absent 'Total incapacity'—is made a cause of action on which the employee may recover compensation; however, for the insurance association partial incapacity constitutes a defense to total incapacity, and if such defense is sustained reduces the compensation the employee may recover and the amount for which the association is liable. Texas Employers' Ins. Ass'n v. Horn (Tex.Civ.App.) 75 S.W. (2d) 301.

"The testimony is sharply controverted as to whether the appellee was totally incapacitated or partially incapacitated. Both degrees of incapacity were submitted

in separate issues, and the jury found that appellant had suffered total incapacity and also that he had sustained partial incapacity. The answer of the jury '100 per cent' to subdivision (e) of Special Issue No. 3, (as to partial incapacity) does not reconcile the conflict between the findings on total incapacity and partial incapacity. In view of the question and answer, it literally means 100 per cent partial incapacity. If it be construed to be identical in meaning with total incapacity, it adds to the inconsistency of the findings, because it presents the additional conflict between the answers given to subdivisions (a), (b), and (c) under Special Issue No. 3, submitting partial incapacity.

"The court rendered judgment based on the findings of total incapacity, and disregarded the findings on partial incapacity. This, in our opinion, was not authorized, since the two findings are in irreconcilable conflict. New Amsterdam Casualty Co. v. Reeves (Tex.Civ.App.) 300 S.W. 206; West Lumber Co. v. Keen (Tex.Com.App.) 237 S.W. 236; Mayo v. Ft. Worth & D. C. Ry. Co. (Tex.Civ.App.) 234 S.W. 937; Speer on the Law of Special Issues in Texas, page 463, section 434.

"The appellee relies on the holding in Texas Employers' Ins. Ass'n v. R. H. White (Tex.Civ.App.) 97 S.W.(2d) 960, which supports his contention that these findings are not in conflict. We observe, however, that the Supreme Court granted a writ of error in that case, stating:

" 'We are of the opinion that the verdict is so conflicting as to be insufficient to support a judgment.' "

In our opinion, not only do these quoted declarations fit the material facts of this cause, but they further declare the law that must rule it also; indeed, this appellee likewise relies upon the cited White Case, in which the writ of error has so been granted, adding thereto Traders & General Ins. Co. v. Ross (Tex.Civ.App.) 88 S.W.(2d) 543, and Fidelity & Casualty Co. v. Branton (Tex.Civ.App.) 70 S.W. (2d) 780; but the courts themselves in these last two causes distinguished them on the facts from this and the Phelan Case, by making it plain that the juries in them were free to find the partial incapacity periods they found to exist were to run subsequent to and not concurrently with the total incapacity periods.

It, therefore, seems to this court that there is no cited authority extant which supports the trial court's holding of no irreconcilable conflict in this jury's quoted answers; it follows that a reversal must be ordered for that error.

Other holdings in support of this conclusion are: Casualty Reciprocal Exchange v. Richardson (Tex.Civ.App.) 86 S.W.(2d) 838; North v. Atlas Brick Co. (Tex.Com. App.) 13 S.W.(2d) 59.

There were other grounds of error urged, most if not all of them going to procedural matters, which may not arise from another trial; a discussion of them is therefore foreborne.

The reversal will be ordered, and the cause remanded.

Reversed and remanded.