TEXAS GENERAL INDEMNITY COM-
PANY, Appellant,

v.

Jose Vasquez VILLA, Appellee.

No. 3282.

Court of Civil Appeals of Texas.

Eastland.

Dec. 7, 1956.

Rehearing Denied Jan. 4, 1957.

———◆———

John A. Coffee, Elton Gilliland, Big Spring, for appellant.

Warren Burnett, Odessa, for appellee.

GRISSOM, Chief Justice.

This is a workman's compensation case. In addition to the preliminary findings prerequisite to the claimant's recovery, the jury found that (5) Jose Vasquez Villa was totally incapacitated; that (6) his total incapacity began June 11, 1954, and (7) would be permanent. But, the jury also found that (9) Villa sustained partial incapacity which (10) began June 11, 1954, and (11) would be permanent and that (13) the percentage of his "partial" incapacity was "100 per cent." The insurer filed a motion for a mistrial on the ground that said answers were so conflicting that no judgment could be rendered thereon. The claimant waived any right he may have had by virtue of the findings relative to total incapacity. Judgment was rendered for the claimant, based solely on the answers to issues 9, 10, 11 and 13, for 60 per cent. of his average weekly wage for 300 weeks, instead of 401 weeks granted by the statute for total permanent incapacity. The insurer has appealed.

Appellant contends the judgment should be reversed because of the conflict in the findings of total incapacity and partial incapacity during the same period of time. There can be no doubt that there is a conflict in said findings. It must also be conceded that the language used in the opinion in Texas Employers Ins. Ass'n v. Phelan, Tex.Civ.App., 103 S.W.2d 863, and, perhaps, other cases relied upon by the appellant, seem to support its contention. But in the Phelan case, where there was a finding that claimant was during the same period of time both totally and permanently disabled and partially and permanently disabled 100 per cent., the same as in the present case, judgment was rendered based on the finding of total incapacity and the lesser finding of partial incapacity was disregarded. Therefore, in the Phelan case the court had no opportunity to apply the rule the Supreme Court used in the McLaughlin case. In the present case the judgment was rendered on the lesser finding of partial incapacity, which, under the reasoning of the Mc-

232

Laughlin case, was included in the greater finding of total incapacity. In Fidelity & Casualty Co. of New York v. McLaughlin, 134 Tex. 613, 135 S.W.2d 955, 958, a jury found that the claimant was totally disabled for 111 weeks and that during the same period of time he was partially disabled, to the extent of 75 per cent. Our Supreme Court held that the rule that conflicting findings destroy each other was applicable only to the extent of the conflict and that there was no conflict as to the lesser finding of partial incapacity. The court said:

"When we come to consider as a whole the two sets of findings here involved, we find they do not totally conflict with each other. Incapacity is contained in both sets of findings. The findings first mentioned, supra, find incapacity to the extent of 100 per cent. The other set of findings, mentioned supra, find incapacity to the extent of 75 per cent. only. Incapacity to the extent of 75 per cent. is contained in and found by both sets of findings. To the extent of 75 per cent. there is, therefore, no conflict. Twenty-five per cent. of the incapacity found by the first set of findings is not in the other set, but is excluded therefrom. Therefore, to the extent of 25 per cent. the two sets of findings conflict. The conflict, however, is only to the extent of the per cent. just mentioned. The insurance carrier is certainly in no position to complain of a judgment based on the part of the verdict where no conflict exists."

The court further said that since the claimant had waived his right to a finding on total incapacity and was willing to accept a judgment based on 75 per cent. incapacity, "as to which per cent. there is an unconflicting verdict, he has the right to do so." In Commercial Casualty Ins. Co. v. Strawn, Tex.Civ.App., 44 S.W.2d 805, 807 (Writ. Ref.), it was held that a finding that a

claimant was totally incapacitated for 7 weeks from a certain date and a finding that he suffered 50 per cent. partial permanent incapacity from the same date were not in such irreconcilable conflict as to prevent a judgment for such partial incapacity. In Texas Employers Ins. Ass'n v. White, Tex. Civ.App., 97 S.W.2d 960, it was held that findings that an employee was totally incapacitated and that he was partially permanently incapacitated 100 per cent. were not so conflicting as to prevent rendition of a judgment for the employee. (However, the opinion does not disclose whether the judgment was rendered for total or partial incapacity. A writ of error was granted but later dismissed by agreement.) In Hartford Accident & Indemnity Co. v. Murphy, 5 Cir., 158 F.2d 506, 507, 508, a jury found that the claimant was totally and permanently disabled but, in a general verdict, awarded compensation for only 275 weeks at $20 per week, payable in a lump sum. Under the finding of total permanent incapacity, without the verdict for compensation for 275 weeks at $20 per week, the law gave the claimant $20 per week for 401 weeks. The court, relying chiefly on the McLaughlin case, held that no finding authorized a judgment for the defendant; that there was inconsistency in the verdict, "but the inconsistency is only as to the excess over 275 weeks". The judgment for compensation for 275 weeks was affirmed. The court relied, in part, on Pearson v. Doherty, 143 Tex. 64, 183 S.W.2d 453, 456, wherein it was held that the test as to whether two findings are such that neither can stand is "taking the finding alone in the one instance, judgment should be entered in favor of the plaintiff; and taking it alone in the other, judgment should be entered in favor of the defendant." In Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, 991, the court said "to require a judgment entered on a verdict containing conflicting answers to be set aside, the conflict between the answers must be such that one answer would establish a cause of action or defense, while the other would destroy it".

This holding has been recently reiterated by our Supreme Court in Siratt v. Worth Construction Co., Tex.Civ.App., 273 S.W.2d 615. In Maryland Casualty Co. v. Foote, Tex.Civ.App., 139 S.W.2d 602, 604 (Writ. Ref.), we said:

"It is apparent that the findings that Foote will be partially incapacitated for 100 weeks and that his partial incapacity is permanent are in conflict to the extent of the finding of partial incapacity after the end of the 100 weeks' period. However, no judgment was rendered as to said period, and, as to partial, or 50 per cent incapacity, the judgment was only for 100 weeks. The judgment apparently is in accord with the decision of our Supreme Court in Fidelity & Cas. Co. [of New York] v. McLaughlin, [134 Tex. 613] 135 S.W.2d 955, 958."

In Texas Employers' Ins. Ass'n v. Olesky, Tex.Civ.App., 288 S.W. 244 (Dis. W. O. J.), there were findings that the claimant had sustained total permanent loss of the use of a foot and that he had sustained a total loss of the use of his foot for 250 weeks and that the percentage of the loss of the use of his foot was 100 per cent. The court held that a judgment for compensation for 125 weeks, the maximum sustainable under plaintiff's allegations, was sustained by such findings.

It is a reasonable conjecture that the jury, having found that Jose Vasquez Villa was totally incapacitated, upon considering their answer to the subsequent question relative to partial incapacity reasoned that one totally incapacitated must, of necessity, be partially incapacitated. However, regardless of what prompted such partially conflicting findings, under the decisions of our Supreme Court, we feel constrained to hold that there was no fatal conflict destructive of the findings relative to partial incapacity, on which alone the judgment was based.

The judgment is affirmed.