INSURANCE COMPANY OF NORTH
AMERICA, Appellant,

v.

Charles D. BROWN, Jr., Appellee.

No. 7594.

Court of Civil Appeals of Texas.

Texarkana.

Dec. 8, 1964.

Rehearing Denied Dec. 29, 1964.

Roberts & Smith, Longview, for appellant.

Gallagher, Francis, Bean, Wilson & Berry, Dallas, Jones, Brian, Jones & Baldwin, Marshall, for appellee.

DAVIS, Justice.

A Workman's Compensation case. Plaintiff-appellee, Charles D. Brown, Jr., a minor, by and through his father, Charles D. Brown, Sr., as next friend, sued the defendant-appellant, Insurance Company of North America, for specific injuries alleged to have been incurred while appellee was working for Blue Buckle Overall Company in Marshall, Harrison County, Texas. Trial was to a jury, which answered all special issues in favor of the appellee.

The jury found that appellee was totally disabled, but such total disability was temporary and continued for nine weeks. The jury then found the appellee sustained a partial disability, and that such partial disability was permanent. In response to the special issue inquiring about appellee's "Average Weekly Earning Capacity" during his partial disability the answer was "none". Judgment was entered granting appellee a judgment for total temporary incapacity for nine weeks at $35.00 per week, and granting him 300 weeks' partial permanent incapacity at $35.00 per week. Appellant has perfected its appeal and brings forward 11 points of error.

By its point 2, appellant contends the trial court erred in entering judgment because there is a material and fatal conflict between the jury's answer to special issues Nos. 7 and 13. In order to discuss this point of error, it is best to copy most of the special issues. The special issues involved read as follows:

"SPECIAL ISSUE NO. 1:

"Do you find from a preponderance of the evidence that the Plaintiff sustained an accidental injury on or about the 3rd day of December, 1962?
"Answer 'Yes' or 'No'.

"ANSWER: Yes.

"* * *

"SPECIAL ISSUE NO. 3:

"Do you find from a preponderance of the evidence that the Plaintiff sustained any total disability following the injury, if any, inquired about in Special Issue No. 1?

"Answer 'Yes' or 'No'.

"ANSWER: Yes.

"* * *

"SPECIAL ISSUE NO. 5:

"What do you find from a preponderance of the evidence to be the beginning date of such total disability, if any?

"ANSWER BY GIVING THE MONTH, DAY AND YEAR.

"ANSWER: Dec. 3, 1962.

"SPECIAL ISSUE NO. 6:

"Do you find from a preponderance of the evidence that such total disability, if any, as inquired about in Special Issue No. 3, has been and will be permanent, or has been or will be temporary?

"ANSWER PERMANENT OR TEMPORARY.

"ANSWER: Temporary.

"* * *

"SPECIAL ISSUE NO. 7:

"What do you find from a preponderance of the evidence to be the duration, if any, of such temporary total disability, if any.

"ANSWER BY GIVING THE NUMBER OF WEEKS OR 'NONE'.

"ANSWER: 9 weeks.

"SPECIAL ISSUE NO. 8:

"Do you find from a preponderance of the evidence that the Plaintiff has sustained or will sustain any partial disability as a result of the injury, if any, inquired about in Special Issue No. 1?

"ANSWER: 'YES' OR 'NO'.

"ANSWER: Yes.

"* * *

"SPECIAL ISSUE NO. 10:

"What do you find from a preponderance of the evidence to be the beginning date of such partial disability, if any.

"ANSWER BY GIVING THE MONTH, DAY AND YEAR.

"ANSWER: Feb. 5, 1963.

"SPECIAL ISSUE NO. 11:

"Do you find from a preponderance of the evidence that such partial incapacity, if any, was or is permanent or temporary?

"ANSWER 'PERMANENT' OR 'TEMPORARY'

"ANSWER: Permanent.

"* * *

"SPECIAL ISSUE NO. 13:

"What do you find from a preponderance of the evidence to be the average weekly wage earning capacity, if any, during the existence of such partial incapacity, if any.

"ANSWER IN DOLLARS AND CENTS OR 'NONE'.

"ANSWER: None."

■ In arriving at whether or not there is a conflict between the jury's findings, the court has to consider the answers of the jury to all the pertinent special issues involved. A view of the special issues discloses that the appellee sustained an injury on December 3, 1962. The injury sustained produced some total disability. But the total disability was only temporary. The

beginning date of the total disability was December 3, 1962. The jury then found that appellee had suffered some partial disability and the partial disability was permanent. The beginning date of the partial disability was February 5, 1963, which began immediately after the total disability expired. The jury then found that the average weekly earning capacity of the appellee during the permanent disability was "none". As the court views the issues, there is no conflict at all.

In support of this point, appellant relies upon the two following cases: Texas Employers Ins. Ass'n v. Phelan, Tex.Civ.App., 103 S.W.2d 863, N.W.H.; Texas General Indemnity Company v. Villa, Tex.Civ.App., 297 S.W.2d 231, W.R.,N.R.E. In the Phelan case, the jury found that he had suffered total and permanent disability. The jury also found that he had suffered permanent partial disability of 100%. That was during the time when the statutes were so worded the jury was asked the percentage of disability. The trial court instructed the jury that partial incapacity means any degree of incapacity less than total, that is, less than 100%. The trial court entered judgment based on the jury's findings of total incapacity, disregarding the findings on partial incapacity. The judgment was reversed on the theory that the appellee could not be totally incapacitated and permanently and partially incapacitated at 100% at the same time. There was no application for writ of error. In the Villa case, the jury found that he was totally and permanently disabled, and he was partially permanently disabled 100%. On the theory that the findings of the jury were in fatal conflict the appellee filed a motion to disregard the findings of total incapacity, and judgment was rendered for 300 weeks of permanent partial disability at 100%. The court held there was no fatal conflict in the findings and affirmed the judgment in the following language:

"* * * It is a reasonable conjecture that the jury, having found that Jose Vasquez Villa was totally incapacitated, upon considering their answer to the subsequent question relative to partial incapacity reasoned that one totally incapacitated must, of necessity, be partially incapacitated. However, regardless of what prompted such partially conflicted findings, under the decisions of our Supreme Court, we feel constrained to hold that there was no fatal conflict destructive of the findings relative to partial incapacity, on which alone the judgment was based. * * *"

Much has been written on the question of permanent partial disability in Workmen's Compensation Law. A view of the special issues clearly reveals that the appellee was found to be totally and permanently disabled for nine weeks, which began on December 3, 1962. A mathematical calculation will reveal that this nine week period expired on or about Feb. 5, 1963. The jury then found that the appellee had suffered permanent partial disability, with an average weekly earning capacity of none. A careful study of the cases cited in Villa, supra, will clearly reveal that there is no such conflict. The point is overruled.

By its points 4 through 10, inclusive, appellant contends the trial court erred in entering judgment for the appellee for 300 weeks of permanent partial disability at $35.00 per week because, as a matter of law, the appellee could earn some money during such period of time; there was no evidence; insufficient evidence; against the undisputed evidence; and against the great weight and preponderance of the evidence. It also complains of the overruling of its motion for a new trial and to disregard the jury's findings in response to special issue No. 13. In discussing these points, it is necessary to briefly state the facts, as shown by the record. The appellee, while engaged in the process of stooping over and lifting a heavy bolt of cloth, felt a severe pain in his back. As a result of the injury he was sent by the foreman to see a doctor. This doctor then sent him to see another

doctor. They both testified that he was injured. One doctor testified that he was not capable of getting and holding a job. He further testified that his condition was permanent. At the time of the trial, appellee was twenty years old. He had completed an eighth grade education. All of his work experience required bending, stooping and lifting. He had only done semi-skilled labor preceding the accident. As the result of the injury his body movements have been restricted. He has never finished even the slightest task without disabling pain. He had earned only $4.00 during the eleven months period after the accident and prior to the trial. All of his activities are restricted to short periods of time, and are accompanied by constant pain. He has made application for several jobs. After the disclosure of his injured back and his education, the applications were all refused. The foreman of the Blue Buckle Overall Company testified at the trial that he would NOT have hired appellee in his present condition, because he would not be able to perform the work. He further testified that appellee could not work for any plant. In view of the medical and economical components of the disability, the injured workman can not compete successfully in the usual and ordinary fields of human endeavor. It seems that the jury was correct in finding his partial disability to be permanent. The best possible solution is to make the best possible estimate of his future impairments of earnings on the strength, not only of post injury earnings, but of any other available clues. In Texas Employers' Insurance Association v. Goforth, Tex.Civ.App., 307 S.W.2d 610, W.R., N.R.E., an oil field "roughneck", who suffered a back injury, went back to work after six weeks, as a driller at an increase of 54¢ per hour over what he had been earning before the injury. An award of 55% per month partial disability was upheld. 24 NACCA Law Journal 155. In view of the discussions of permanent partial disability, we hold that the evidence is sufficient to support the jury's finding that the appellee could not secure a job and earn any money as the result of his wage earning capacity, in view of his predicament and his educational qualifications. See, 1 NACCA Law Journal 32, 38; 6 NACCA Law Journal 90; 13 NACCA Law Journal 121; 24 NACCA Law Journal 148. The points are overruled.

Appellants' points 1, 3, and 11 have been carefully examined, found to be without any merit, and they are overruled.

The judgment of the trial court is affirmed.