**INSURANCE COMPANY OF NORTH AMERICA, Petitioner,**

v.

**Charles D. BROWN, Jr., Respondent.**

No. A–10585.

Supreme Court of Texas.

Oct. 6, 1965.

Rehearing Denied Nov. 10, 1965.

Roberts & Smith, Longview, for petitioner.

Bean, Francis, Ford & Francis, Dallas, Jones, Brian, Jones & Baldwin, Marshall, for respondent.

WALKER, Justice.

The question to be decided in this workmen's compensation case is whether certain findings of the jury are in fatal conflict. Judgment on the verdict was rendered by the trial court in plaintiff's favor for nine weeks' temporary total incapacity, and 300 weeks' permanent partial incapacity, at the rate of $35.00 per week, and the Court of Civil Appeals affirmed. 385 S.W.2d 489.

The material issues and the answers of the jury thereto are quoted in the opinion of the Court of Civil Appeals and will not be set out in full here. It is sufficient for our purposes to note that the jury found: (1, 2) that plaintiff sustained an accidental injury on or about December 3, 1962, while in the course of his employment for Blue Buckle Overall Company; (3, 4, 5, 6, 7) that the injury was the producing cause of temporary total disability for nine weeks beginning on December 3, 1962; (8, 9, 10, 11) that the injury was also the producing cause of permanent partial disability beginning on

February 5, 1963; and (13) that plaintiff's average weekly wage earning capacity during the existence of such partial incapacity is "None." Defendant contends that the answer to Special Issue No. 13 is in fatal conflict with the finding that the duration of plaintiff's total incapacity was nine weeks.

Defendant directs our attention to Texas Employers Ins. Ass'n v. Phelan, Tex.Civ. App., 103 S.W.2d 863 (no writ), and Texas General Indemnity Co. v. Villa, Tex.Civ. App., 297 S.W.2d 231 (wr.ref.n.r.e.). Each of these cases involved findings that the claimant suffered permanent total disability and also sustained permanent partial disability of 100 per cent. In Phelan judgment was rendered on the verdict for total and permanent incapacity, and it was held that the answers of the jury were in fatal conflict. In Villa judgment was rendered for 60 per cent of the average weekly wage for the maximum of 300 weeks allowed by statute for permanent partial incapacity, and it was held that there was no fatal conflict destructive of the findings in so far as partial incapacity was concerned. The latter holding was based primarily on Fidelity & Casualty Co. of New York v. McLaughlin, 134 Tex. 613, 135 S.W.2d 955, where it was reasoned that findings of total and partial disability during the same period of time are not in conflict as to the partial disability. These decisions are of little assistance here, because our problem is somewhat different. We are concerned with an asserted conflict between findings that plaintiff suffered total disability for only a short time but would thereafter have no wage earning capacity whatsoever.

The following definitions and instructions were given as part of the charge in the present case:

"(2) The term 'TOTAL INCAPACITY', as that term is used in this charge, does not imply an absolute inability to perform any kind of labor, but a person disqualified from performing the usual tasks of a workman in such a way as to enable him to procure and retain employment is regarded as totally incapacitated.

"(3) The term 'PARTIAL INCAPACITY', as that term is used herein, means that a person is suffering from a disability to the extent that he is only able to perform a part of the usual tasks of a workman, or is only able to perform labor of a less remunerative class than he did before the injury.

"(4) You are instructed that a person cannot be in law totally and partially incapacitated at the same time. If the plaintiff was totally and permanently incapacitated to labor, he could not be partially incapacitated to any extent for any period of time; stating it another way (meaning the same thing), if the plaintiff was partially incapacitated to any extent for any period of time, he cannot be totally incapacitated for such period of time."

Under the Workmen's Compensation Act and under the definitions and instructions quoted above, a person who has no wage earning *capacity* is totally and not partially incapacitated. The answer that plaintiff suffered total disability for nine weeks is thus in conflict with the finding in response to Special Issue No. 13 that he had no wage earning capacity during a subsequent period of disability. There is also a conflict between the answer to Special Issue No. 13 and the finding that plaintiff's disability on and after February 5, 1963, was partial.

Plaintiff argues that the conflict is not fatal under the test approved in Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, because there is no combination of answers which would entitle the defendant to a more favorable judgment than that rendered by the trial court. The test referred to is useful and satisfactory in most cases for determining the materiality of the conflict, but it is not infallible. Its

literal application would have led to an affirmance of the trial court's judgment in Bradford v. Arhelger, 161 Tex. 427, 340 S.W.2d 772. We held there that the judgment should be set aside if, when one of the conflicting answers is disregarded, no judgment could be rendered for either party on the remainder of the verdict. That is our situation here.

The applicable wage rate for measuring plaintiff's earning capacity prior to the injury is $62.77 per week. If we disregard the finding that the period of plaintiff's total incapacity was nine weeks, judgment could not be rendered for either party because there would be no determination of the duration of total disability and the findings of partial disability and no wage earning capacity during the existence of such partial disability are in conflict. If we disregard the finding of partial disability, judgment could not be rendered for either party because the finding of nine weeks' total disability is in conflict with the finding of no earning capacity during a period of permanent disability. If we disregard the finding of no earning capacity, judgment could be rendered only for the nine weeks of total disability because there would be no way of computing the compensation to which plaintiff is entitled during the period of his partial disability. The jury's answers are in fatal conflict under the test applied in Bradford v. Arhelger, supra, and the judgment of the trial court must be set aside.

There is no merit in defendant's contention that the finding of the jury in response to Special Issue No. 13 is contrary to the undisputed evidence. The remaining points of error deal with matters considered by the Court of Civil Appeals and over which its jurisdiction is final, or present questions which are not likely to arise at the second trial.

The judgments of the courts below are reversed, and the cause is remanded to the district court for a new trial.