The TRAVELERS INSURANCE COM-
PANY, Appellant,

v.

J. D. AMASON, Appellee.

No. 274.

Court of Civil Appeals of Texas.

Tyler.

April 6, 1967.

Ramey, Brelsford, Flock & Devereux, Tracy Crawford, Tyler, for appellant.

Smith, Johnson & McDowell, Howard S. Smith, Sulphur Springs, Woodrow H. Edwards, Mount Vernon, for appellee.

MOORE, Justice.

This is a workmen's compensation case. Appellee, J. D. Amason, sued appellant, The Travelers Insurance Company, for workmen's compensation insurance alleging that he sustained an injury while in the course and scope of his employment for Bryan Hanks, and as a result of his injury, he sustained total and permanent disability and by reason thereof, he was entitled to judgment for compensation insurance for 401 weeks at the rate of $35.00 per week.

The cause was submitted to a jury and in response to the special issues, the jury found as follows: (1, 2, 3) that appellant suffered an accidental injury in the course and scope of his employment; (4, 5) that he suffered total disability which commenced on May 14, 1965; (6, 7) that his total disability was temporary and would continue for 260 weeks; (8, 9) that appellant suffered partial disability commencing on May 14, 1965; (10) that such partial disability was permanent; and (12) that the average weekly wage earning capacity of the appellee during the existence of his partial incapacity was "none."

Over appellant's objection, the trial court refused to submit the question of appellee's wage rate following total disability as provided by Article 8309, Sec. 1, Vernon's Ann. Tex.St., on the theory that the issue was without dispute, which accounts for the fact that there was no finding by the jury on wage rates.

Prior to entry of the judgment, appellant moved for a mistrial on the ground that the jury's answers to the special issues were in fatal and irreconcilable conflict. The trial court overruled the motion and rendered judgment on the verdict for appellee for 260 weeks of temporary total disability benefits at the rate of $35.00 per week.

Appellant duly perfected this appeal and has assigned six points of error. By the first three points, appellant contends that the judgment must be reversed because the trial court erred in refusing appellant's motion for a mistrial and in rendering judgment based upon a verdict which was in fatal and irreconcilable conflict. By point

4, it is contended that the court erred in refusing to submit an issue on appellee's wage rate and by points 5 and 6, it is contended that the court erred in disregarding the findings of the jury on the defensive issues of partial disability.

In response, appellee contends that there was no conflict in the verdict as relied upon by the court in rendering judgment. His argument is that the court was authorized to disregard all issues relating to partial disability. Based upon this premise, he reasons that since the court based his judgment upon the finding of temporary total disability, in which there is no conflict, the judgment is not based upon a conflicting verdict. Appellee further asserts that even though a conflict does exist, appellant is in no position to complain inasmuch as the judgment was for only 260 weeks of total disability and was therefore for a lesser amount than it would have been had the judgment been based on the issues finding 100% permanent partial disability.

The testimony is sharply controverted as to whether the appellee was totally incapacitated or partially incapacitated. In this connection, the court submitted the following definitions and instructions:

"You are instructed that in connection with the term 'total incapacity,' wherever it may appear in this charge, shall have the following meaning:

"It shall not mean an absolute incapacity to perform any kind of labor, but a person incapacitated to such an extent or degree that he cannot perform the usual tasks of a workman in such manner as to be able to procure and to retain employment, is to be regarded as being totally incapacitated.

"* * *

"You are instructed in connection with the term 'partial incapacity,' wherever it may appear in this charge, that the same shall have the following meaning:

"It shall mean where an employee, by reason of an injury sustained in the course of his employment, is only able to perform part of the usual tasks of a workman, but nevertheless, is able to procure and retain employment reasonably suitable to his physical condition and ability to work, or is able to perform labor of a less remunerative class than he performed prior to his injury, whereby he suffers a depreciation or reduction in his earning capacity. A person cannot be totally incapacitated and partially incapacitated at the same time."

Under the Workmen's Compensation Act, and under the definitions and instructions above quoted, a person who has no wage earning capacity is totally and not partially incapacitated. Insurance Company of North America v. Brown, 394 S.W.2d 787, (Sup.Ct., 1965).

The answer in response to special issue No. 4 that the appellee suffered total disability for only 260 weeks and the answer to special issue No. 12 that he had no wage earning capacity during a subsequent period of disability are in conflict because in the first issue, the jury found his total disability was limited to 260 weeks, while in the latter, they found that he would have no earning capacity whatsoever for a longer period of time. The answers to special issue No. 7 showing that appellee was only partially disabled and special issue No. 12 finding that he had no wage earning capacity are also conflicting.

Appellee argues that such a conflict is not fatal because there is no combination of answers which would entitle the appellant to a more favorable judgment than that rendered by the trial court and therefore appellant insurance company is estopped to complain of the judgment.

This same argument, as we understand it, was also advanced in the case of Insurance Company of North America v. Brown, supra, and was overruled. In that case the court had before it a question of conflict which was very similar to the conflict involved here. The court there said

that a judgment based on conflicting issues must be set aside if, when one of the conflicting answers is disregarded, no judgment could be rendered for either party on the remainder of the verdict. This rule, when applied to the findings in the present case, we think, compels the conclusion that the jury's findings are in fatal conflict as we shall attempt to demonstrate.

We approach the problem by first disregarding the finding of total incapacity for 260 weeks, and then turning to an examination of the remaining findings in order to determine whether or not judgment can be rendered for either party. An examination of the remaining issues shows that a judgment thereon cannot be rendered for either party because when these issues are considered alone, they make no determination of the duration of total disability and the findings of partial disability and no wage earning capacity during the existence of such partial disability are in conflict. If we disregard the findings of partial disability, judgment could not be rendered for either party because the finding of 260 weeks total disability is in conflict with the finding of no earning capacity during a period of permanent disability. If we disregard the finding of no earning capacity, judgment could be rendered for only 260 weeks of total disability (assuming appellee properly established his wage rate) because there would be no way of computing the compensation to which appellee would be entitled during the period of his partial disability.

■ It thus appears that under the test applied in Insurance Company of North America v. Brown, supra, the verdict is in fatal and irreconcilable conflict and consequently the judgment based thereon must be set aside. See also Bradford v. Arhelger, 161 Tex. 427, 340 S.W.2d 772; Traders & General Ins. Co. v. Milliken, (Tex.Civ. App.) 110 S.W.2d 108; Traders & General Ins. Co. v. Woods, (Tex.Civ.App.) 103 S.W. 2d 1058; Texas Employers Ins. Ass'n. v. Phelan, (Tex.Civ.App.) 103 S.W.2d 863.

The case of Fidelity & Casualty Co. of New York v. McLaughlin, 134 Tex. 613, 135 S.W.2d 955, cited by appellee in support of the judgment, does not appear to be in point. In that case the court held that findings of total and partial disability during the same period of time were not in conflict as to the partial disability. That is not the situation presented here. Our concern here is with the conflict between findings that appellee suffered total disability for only 260 weeks, but would thereafter have no earning capacity whatsoever, and also the conflict between the findings that appellee was only partially disabled, yet his earning capacity was none. These conflicts are such that they destroy each other and therefore amount to no findings.

In view of the foregoing conclusion, it will not be necessary to discuss appellant's remaining points as the matters presented therein will not likely occur on another trial.

For the reasons stated, the judgment of the trial court is reversed and the cause is remanded for a new trial.